(Opinion published 52 N. W. Rep. 863.)

---

A. R. WALKER *vs.* GEORGE O. NETTLETON *et al.*

Argued May 23, 1892. Decided June 27, 1892.

**Change of Venue.**

On an application to change the place of trial under Laws 1881, ch. 132, opposing affidavits may be heard.

**Same—Discretionary.**

The application is within the sound discretion of the judge to whom it is made.

**Evidence.**

Evidence *held* sufficient to sustain the verdict.

v.50M.—20

Appeal by defendant George O. Nettleton, from an order of the District Court of St. Louis County, *Stearns*, J., made October 17, 1891, refusing his motion for a new trial.

Action brought by plaintiff, A. R. Walker, upon a promissory note for $5,000, made by defendant March 12, 1889, payable to the order of E. C. Howard, two years thereafter, with interest. Howard indorsed and transferred the note to M. O. Hall. To give the note credit, the defendant Alfred M. Barsness also indorsed it, and waived demand and protest. In March, 1891, and before the tenth day of that month, M. O. Hall indorsed the note without recourse, and transferred it to the plaintiff, a real estate dealer of Duluth. The action was brought in St. Louis County against the maker and Barsness only. The summons was served on Nettleton May 2, and on Barsness May 4, 1891. The plaintiff and Barsness resided in St. Louis County and Nettleton in Ramsey County. Nettleton answered May 18, 1891, that the note was given for money lost by him in gambling, playing at cards with Howard, and was void; (Penal Code, § 300;) that Howard held it until after its maturity; that neither Hall nor plaintiff gave any consideration for it, and both had notice of its consideration before taking it, and that Barsness also had such notice before he indorsed it, and that he was made a defendant by collusion with plaintiff and is to be held harmless. Plaintiff replied. Barsness, although served with the summons, did not appear or answer. Before answering Nettleton served notice and demand that the place of trial be changed to Ramsey County, and after issue joined, moved the Court to change the place of trial. The motion was made upon the pleadings and his affidavit that he resided in Ramsey County; that his answer was true; that Barsness was a bookkeeper, and Hall cashier, in the State Bank of Duluth; and that plaintiff was informed and had good reason to believe and did believe that Barsness was made a defendant to evade the law relating to change of place of trial. He also filed his undertaking with surety to pay Barsness all such additional costs and expenses as he should incur by reason of the change of the place of trial, and to pay plaintiff all such additional costs and expenses as he might incur in case he recovered judgment. Notice of the motion was

served May 25, 1891, and the undertaking filed June 2, 1891. Nothing was said in the affidavits, or shown on the motion, as to the default of Barsness. On the hearing of the motion, plaintiff submitted his affidavit that he bought the note before maturity and paid $5,500 for it; that Barsness was solvent, and was made a defendant in good faith and without collusion, and denied all knowledge or notice of the consideration of the note. The court refused to change the place of trial. On the trial plaintiff had a verdict for $5,875.

*John W. Lane,* for appellant.

Plaintiff's affidavit to oppose the change of venue was not made until after Barsness was in default, and until after plaintiff was entitled to a judgment against him. There was no reason why a several judgment could not have been obtained against Barsness for his default, as he could have been sued separately, and a separate judgment obtained against him in a separate action. The refusal of the court to grant the change where the plaintiff could not in the least be subjected to loss or inconvenience, as was evident, was clearly an abuse of discretion. *Collins* v. *Bowen,* 45 Minn. 186; *Shattuck* v. *Myers,* 13 Ind. 47; *Cook* v. *Pendergast,* 61 Cal. 72; *Foster* v. *Bacon,* 9 Wis. 345; *Wolcott* v. *Wolcott,* 32 Wis. 63.

This was not a transaction in the ordinary course of business. Plaintiff's omission to inquire, amounted to gross negligence in the transaction, to say the least about it. Daniel, Neg. Inst. §§ 795b, 815; *May* v. *Chapman,* 16 M. & W. 355; *Hamilton* v. *Vought,* 34 N. J. Law, 187; *Edwards* v. *Thomas,* 66 Mo. 486; *Henry* v. *Sneed,* 99 Mo. 422.

*Cotton & Dibell,* for respondent.

Defendant Nettleton was not entitled to change of place of trial under 1878 G. S. ch. 66, § 49. *Collins* v. *Bowen,* 45 Minn. 186; *McNamara* v. *Eustis,* 46 Minn. 311; *Hirschfeld* v. *Sevier,* 77 Cal. 448; *Remington S. M. Co.* v. *Cole,* 62 Cal. 311.

His motion was made under Laws 1881, ch. 132, and his affidavit was insufficient. It set forth affiant's belief in conformity with the Act, but the reasons for such belief were not so stated as to jus-

tify, much less to require, the court to grant defendant's motion. The Act requires that plaintiff give the reason for his belief. The court upon hearing the motion must determine judicially whether under the showing made, the party seeking the removal is entitled to the relief which he asks; and this the court can only do when the facts and circumstances upon which the required belief is based, are before it. The statute provides that on such hearing the judge shall, if he deem proper, make an order changing the place of trial. The granting or denying of defendant's motion was within the discretion of the trial court.

The verdict was justified by the evidence. Nettleton made the note in suit for what he must have known at the time was an illegal consideration; and he floated the same in the channels of trade, inviting the public to deal with his paper. Subsequent purchasers did not owe to him the duty of exercising diligence in ferreting out what might have been the consideration of his obligation. Want of diligence in ascertaining the circumstances of the origin of the note, will bar recovery only when the negligence is so great, as to amount to bad faith and a dishonest purpose. The holder must have actual knowledge, or the circumstances must be such as to convict him of *mala fides*. *Merchants' Nat. Bank* v. *Hanson*, 33 Minn. 40; *Magee* v. *Badger*, 34 N. Y. 247; *Belmont Branch Bank* v. *Hoge*, 35 N. Y. 65; *Murray* v. *Lardner*, 2 Wall. 110; *Swift* v. *Smith*, 102 U. S. 442.

GILFILLAN, C. J. It is manifest the motion of defendant Nettleton to change the place of trial of the action was made under Laws 1881, ch. 132, and on the grounds therein prescribed. That it was not based on the ground that, the defendant Barsness having made default, Nettleton was the only defendant answering, and therefore entitled, under Laws (Extra Sess.) 1881, ch. 25, if not under 1878 G. S. ch. 66, § 49, to have the place of trial changed to the county in which he resided, is clear, both because there is nothing in the record to indicate that on the motion the default of Barsness, if he was then in default, was brought to the attention of the court below, but also because, when the affidavit was made on which the motion was

based, that defendant had not made default. Section 49, above referred to, made no provision for a change of the place of trial on the application of a defendant residing in a county other than that in which the action is brought, where one or more of the defendants reside in the latter county. But because the legislature saw that one or more defendants residing in the county in which the action is brought might be joined in order to prevent a defendant residing in another county from procuring a transfer to his county, Laws 1881, ch. 132, was passed. The act was passed to prevent fraud in the matter. But if defendants claim that no opposing affidavits can be considered is well founded, then the act is really one to facilitate fraud, for it would make the change a matter of right, without reference to how it might affect the other parties on the application of a defendant with a conscience sufficiently elastic to swear " that he has good reason to believe, and does believe," that other defendants were made such to evade the law relating to changing place of trial. In that case there would be no need for a hearing. But the act provides for a *hearing*, which means that both sides shall be heard; " and on such hearing the judge shall, if he *deems proper*, make an order changing the place of trial." Such an application is, upon a hearing, within the sound discretion of the judge to whom it is made. There is no suggestion of abuse of discretion in deciding the application.

The evidence on the question of plaintiff being a *bona fide* holder of the note was such as to justify the verdict.

Order affirmed.

(Opinion published 52 N. W. Rep. 864.)