CHARLES C. H. SMITH *vs.* ELIZA BUSE and others.

May 26, 1886.

**Foreclosure of Mortgage—Certificate of Sale.**—The title at a sale, upon a foreclosure of a mortgage of real estate under the power of sale, does not pass to the purchaser unless there is a certificate of sale as required by the statute.

**Same—Defective Description of Land.**—Where two of the parcels mortgaged were lots 10 and 11, section 15, and the certificate does not state that lots 10 and 11, section 15, were sold, but does state that lots 10 and 11, section 22, were sold, such lots in section 22 not being included in the mortgage, the latter description cannot be construed to mean lots 10 and 11, section 15.

**Res Judicata—Judgment in Action to Redeem.**—The mortgage covered a great many separate parcels, which, at the foreclosure, were sold separately to various persons, and the mortgagor brought an action against the purchasers to have the sale adjudged void, and for leave to redeem from the mortgage, and judgment in that action was rendered for the defendants. *Held,* that this judgment was not *res adjudicata* upon the claim of any purchaser to have acquired the title to any particular lot.

Appeal by defendants from a judgment of the district court for Hennepin county, where the action was tried by *Lochren,* J., without a jury. The validity of the mortgage foreclosure involved in this action was considered in *Bottineau* v. *Ætna Life Ins. Co.,* 31 Minn. 125.

*Thomas Canty,* for appellants.

*S. L. Pierce,* for respondent.

GILFILLAN, C. J. The plaintiff brings this action under the statute to determine adverse claims to lots 10 and 11, section 15, township 151, range 44, alleging that he is the owner, and that the same are vacant and unoccupied. The defendants deny plaintiff's title, and allege title in the defendants, Mary R. Bottineau, Eliza Buse, and Edward Grussendorf. For reply the plaintiff alleges the execution, January 6, 1876, by Mary Bottineau and her husband, prior to her conveyances to the other two defendants, to the Ætna Life Insur-

ance Company, of a mortgage upon said lots and other real estate, with the usual power of sale; the due recording of the mortgage, and various assignments by which the title to it came to one F. T. Day; the foreclosure by him under the power, of the mortgage, March 2, 1882; the sale of said lots, with the N. W. ¼ section 22, same township and range, as one parcel, at such sale, to Alcey J. Day; the making by the sheriff of the affidavit and certificate of sale, copies of which are attached to the reply, and the subsequent redemption of the premises by plaintiff as a judgment lien creditor. It further alleges that after the foreclosure these defendants commenced an action against said Alcey J. Day and others, to have the foreclosure declared void and for leave to redeem from the mortgage, and that in that action judgment was entered to the effect that the plaintiffs in that action were not entitled to any relief. The affidavit and certificate do not describe any property sold as lots 10 and 11, section 15, township 151, range 44, but it is stated therein that "the northwest quarter, and lots 10 and 11, in ‚section 22, in township 151, range 44," were sold to Alcey J. Day for $3,200. As to this the reply alleges that the words "section twenty-two," applied to the description of said lots 10 and 11, are false and impossible, and no part of the description of said lots, and that there are no lots in section 22, of said township and range. The court finds as a fact that at the foreclosure sale the lots in controversy were actually struck off to Alcey J. Day.

The sole question in this action is, did the plaintiff get title to the lots described in the complaint, through the mortgage and foreclosure proceedings set up in the reply? The statute (Gen. St. 1878, *c.* 81, §§ 11, 12,) requires that the certificate of sale (which must state, among other things, a description of the property sold, the price paid for each parcel, the name of the purchaser, and date of sale) shall be executed, proved, or acknowledged, and recorded as required by law for a conveyance of real estate, within 20 days after the sale, and enacts that, so proved, acknowledged, and recorded, it shall, upon the expiration of the time for redemption, operate as a conveyance to the purchaser or his assigns of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of the

mortgage, without any other conveyance whatever. Nothing else passes the title. A sale in fact without a certificate does not pass it, though it may give the purchaser a right to one. To a recorded certificate a party entitled to redeem must look to ascertain when to redeem, and how much he must pay for the purpose.

In this certificate there is no description of the lots described in the complaint. There are two lots described as lots 10 and 11, in section 22, township 151, range 44. We are asked to construe this to mean lots 10 and 11 in section 15, same township and range. It is not a case in which a court may reject a false element or item of description, if there will be enough left to sufficiently describe the premises; but we are asked to strike out one and insert another essential matter of description,—to substitute another in place of that used in the instrument. We know of no rule of construction under which that can be done. The general recital in the certificate that the sheriff sold all the property described in the mortgage cannot help so radical a defect. Judged, then, upon the certificate alone, the plaintiff did not get title to the lots.

It is claimed, however, in his behalf that the matter is *res adjudicata* by the judgment in the former action. In that action the matter involved was the right of these defendants to redeem from the mortgage. The judgment determined against that right; in other words, that it was barred by the foreclosure. The question of what particular person bought or acquired title to this or that particular parcel was not involved, and consequently not determined by the judgment. It does not suffice for plaintiff's action that he shows defendants' right of redemption to have been barred. He alleges title in himself, and cannot maintain this action without showing title in himself, which is not shown by that judgment, nor by the certificate.

Judgment reversed.