FRANK L. JOHNSON and another *vs.* CHARLES P. COCKS.

December 13, 1887.

**Mortgage — Foreclosure by Advertisement — Description of Land.—**
The description of the lands in a notice of foreclosure, under the power in a mortgage, was: "The undivided half of lots two (2) and three, (3,) in block two, (2.) Lot eight, in block four, (4,)" etc. *Held*, that the words, "the undivided half," apply only to lots 2 and 3.

**Same—Place of Sale.—**In such notice, the place of sale was described as "at the front door of the court-house in the city of Minneapolis, corner of 2d Ave. S. and 3d St." The county court-house had been partly destroyed by fire, and the county commissioners had rented a building on the corner of Second avenue south and Third street for the meetings of the courts, and for some of the county officers, and it was used for that purpose for some weeks before the date of the notice, and till after the sale. *Held*, a proper designation of the place of sale, and that the sale was properly made at the front door of the building at the corner of the two streets, though the door leading to the court-rooms (which were in the second story) was at the rear of the building on Third street, 80 feet distant from its front.

**Same—Sale—Inadequacy of Price.—**When there is no fraud nor irregularity in the sale under the power, mere inadequacy in the price, especially if there be a right of redemption from the sale, is no ground for setting aside the sale.

**Same—Affidavit of Costs.—**The omission to file the affidavit of costs and disbursements required by Gen. St. 1878, *c.* 81, § 23, does not affect the validity of the sale.

Appeal by plaintiffs from a judgment of the district court for Hennepin county, where the action was tried before *Rea*, J., without a jury. Upon defendant's motion, before answering, the court struck out of the complaint the allegations as to inadequacy of price and of the failure to file an affidavit of costs and disbursements.

*Cross & Carleton*, for appellants.

*John R. Van Derlip*, for respondent.

GILFILLAN, C. J. Action to set aside a foreclosure of a mortgage, under the power of sale contained in it. Two matters are charged as

irregularities in the sale: *First*, that the place of sale mentioned in the notice of sale was indefinite; *second*, that, while the mortgage was of the entire interest in the two lots owned by plaintiff, the notice of sale described the mortgage as upon an undivided half of those lots. The description in the notice of sale was: "The undivided half of lots two (2) and three (3,) in block two, (2.) Lot eight, (8,) in block four, (4.) Lot six, (6,) in block five, (5,) and lot five, (5,) in block nine, (9,)—all in," etc. Lots 8 and 5 are plaintiff's lots. The point made by plaintiff is that the words, "the undivided half," apply to all the lots mentioned. They do apply to the lots mentioned in the same sentence. But they are not carried over into the other sentences of the description so as to apply to the lots mentioned in those sentences. The notice is regular in that respect.

The place of sale is described as "at the front door of the court-house in the city of Minneapolis, corner 2nd Ave. S. and 3d St., being in said county." The terms "2nd Ave." and "3d St." are figures and abbreviations, the signification of which everybody is supposed to know. They are used to designate the location of the court-house. The facts, as found, are that the old court-house of the county, used as such for many years, had been partly destroyed by fire, so that the court-rooms and the rooms of several of the county officers could not be used, and the county commissioners had rented a building on the corner of Second avenue south and Third street, in Minneapolis, for three months, for temporary use for some of the county officers and for all the court-rooms, while the former court-house was undergoing repairs. The auditor, treasurer, register of deeds, and clerk of the court had removed into this building; the others remaining in the old court-house. The new building was used as a court-house from April 8th till the latter part of July; one term and part of another of the district court having been held in it. The notice of sale was dated May 15th, and the sale was June 27th. This new building was a proper place at which to make the sale, and it was proper to designate it in the notice as the place. It does not appear that any one was misled by the notice. It is found as a fact that no injury accrued to plaintiff from the fact that the sale was made at that building. With the addition to the terms "court-house" of the words

"corner 2nd Ave. S. and 3d St.," it is difficult to see how any one could be misled as to where the sale was to be. The front of the building was on Second avenue, a door entering at the corner of it. At this door the sale was made. The entrance to the court-rooms (which were in the second story) was on Third street, at the rear of the building, about 80 feet from the corner. The court below finds as a fact that no injury accrued to plaintiff from the sale being made at the door at the front of the building, rather than at any other door; and it is not apparent how there could any have accrued. The sale was really made at the door designated in the notice, which does not say "front door of the court-room," but "front door of the court-house," which it describes as at the "corner of 2nd Ave. S. and 3d St."

No fraud is alleged; and, there being no irregularity in the notice of sale, or in the sale, inadequacy of the price at which the lots were sold was not material. Where there is no irregularity in the sale, nor fraud on the part of the mortgagee, and especially where there is a right of redemption from the sale, mere inadequacy of price is not of itself ground for setting aside a sale under the power. *Cameron* v. *Adams*, 31 Mich. 426; *Maxwell* v. *Newton*, 65 Wis. 261, (27 N. W. Rep. 31.) And even though the other allegations of the complaint were such as to make those as to inadequacy of price material, and to make it error in the court to strike them out, still the result of the trial shows that there could be no prejudice from such error; for, upon the facts found as to the other allegations in the complaint, the retention in the complaint of the allegations as to inadequacy, and even proof of such allegations, would not have affected the result, nor benefited the plaintiff in the least. For this reason, we need not consider whether, upon the complaint alone, the allegations ought to have been struck out.

The neglect of a mortgagee to file the affidavit of costs and disbursements as required by Gen. St. 1878, *c.* 81, § 23, cannot affect the validity of the sale. If it could, then it would be in the power of a mortgagee, by such neglect, to defeat the title of a *bona fide* purchaser at the sale. The affidavit is no part of the sale proceedings. The sale is complete (so far as any act is required to complete it) when

the certificate is executed, acknowledged, and recorded. There was no error in striking out the allegations in the complaint in respect to the omission to file such affidavit.

Judgment affirmed.