44 353
51 448

MARY A. RYDER and others *vs.* NEHEMIAH HULETT, impleaded, etc.

October 6, 1890.

Foreclosure by Advertisement—Sale of Separate Tracts as One.—A foreclosure sale, under a power of sale in a mortgage, of separate tracts of land as one tract is not void, but only voidable.

Same—Statute Regulating Procedure—Record of Certificate.—The statute in force at the time of the foreclosure regulates the procedure; and the recording of a certificate of sale 10 months after the sale *held* to be a compliance with the statute, which prescribed no period of time within which that should be done.

Appeal by plaintiffs from an order of the district court for St. Louis county, *Ensign,* J., presiding, sustaining a demurrer to their complaint in an action to set aside a sale on foreclosure by advertisement made April 15, 1877, to the mortgagee, and for leave to redeem. The plaintiffs are the widow and children of the mortgagor, who died intestate August 9, 1881. The action was brought in December, 1889. The complaint alleged that the two mortgaged tracts which were sold as one were half a mile distant from each other, and that the certificate of sale was not filed until February 11, 1878, but did not allege any fraud or other ground for avoiding the sale.

*White & Reynolds,* for appellants.

*Sherwood & Powell,* for respondent.

DICKINSON, J. This case requires a determination as to the legal effect of an attempted foreclosure of a mortgage of two distinct tracts of land, which mortgage was executed in 1870. The foreclosure was

v.44M—23

by advertisement and sale, in assumed compliance with the statute and with a power of sale contained in the mortgage. The sale was made in April, 1877. The sheriff's certificate of sale was not filed for record until February, 1878.

1. The principal question is whether the foreclosure sale was *void*, or only irregular, by reason of the fact that the two separate tracts were sold together as one. The sale was certainly irregular, and not in strict compliance with the statute, which declared that in such a case the separate and distinct tracts should be sold separately, and that no more tracts should be sold than should be necessary to satisfy the amount due on the mortgage, with interest, taxes, and costs. Gen. St. 1866, c. 81, § 9. But in view of the decisions which have heretofore been rendered, it should now be regarded as a settled rule of property in this state that a sale is not rendered void by reason of the fact that separate tracts may have been sold together. In *Willard* v. *Finnegan*, 42 Minn. 476, (44 N. W. Rep. 985,) our opinion upon this subject was fully expressed, and what is there said is adopted for the decision of this case. Upon this point, therefore, the ruling of the court upon the demurrer is sustained.

2. At the time of the foreclosure, the statute in force did not prescribe any particular time within which the certificate of sale should be recorded. Laws 1876, c. 39. That statute, and not the law in force at the time the mortgage was given, controlled as to the procedure for foreclosing the mortgage. Therefore the recording of the certificate some 10 months after the sale was within the requirements of the statute.

Order affirmed.