WILLIAM P. TODD *vs.* ALBERT JOHNSON *et al.*

Argued June 10, 1892.   Decided June 27, 1892.

**Judgment, How Proved.**

A certified copy of the docketing is not sufficient to prove a judgment. A judgment of a justice of the peace, which is docketed upon transcript filed in the office of the clerk of the district court, may be proved by a copy of the transcript and docketing certified by the clerk.

**Certificate of Redemption.**

That a certificate of redemption upon a lien does not state the amount claimed to be due on the lien will not, as between the purchaser and a subsequent redemptioner, affect a redemption on a subsequent lien, made on the assumption that the prior redemption was regular.

**What Irregularities in Making Redemption May be Waived.**

Though a purchaser cannot, so far as concerns the passing of the legal title by redemption, waive by parol the existence of a lien giving a right to redeem, nor a proper certificate of redemption, he may waive any irregularity in the intermediate steps to effect redemption.   Thus he may waive any defect in the filed notice of intention to redeem, and he will be held to have done so where he accepts and retains the money paid on the redemption.   Mitchell, J., dissenting.

Appeal by Andrew J. Finnegan, one of the defendants, from a judgment of the District Court of Kandiyohi County, *Powers*, J., entered October 28, 1891, quieting and confirming the title of plaintiff, William P. Todd, to eighty acres of land in Meeker County.

Ole Eidem owned the land and on April 15, 1876, mortgaged it to George F. Snow with power of sale in case of default in payment of the debt secured.   He made default, and the land was sold by the sheriff under the power February 1, 1879, pursuant to notice, and was bid in by Snow.   The mortgagor failed to redeem, but his judgment creditors filed the notices and took the proceedings stated in the opinion.   The plaintiff claims under these redemptions.   The defendant Finnegan claims under Snow, contending that no valid redemption was ever made.

*Edward Savage,* for appellant.

Although both the redemptioners in this case professed to redeem as judgment creditors, there is no evidence that either of them was a creditor, or ever obtained a judgment. The first step in proving a lien is to show the existence of a judgment; the second, to show that it is docketed. *Rockwood* v. *Davenport,* 37 Minn. 533; *Jackson* v. *Hasbrouck,* 12 John. 213; *Sinclair* v. *Jackson,* 8 Cow. 543; *Baker* v. *Kingsland,* 10 Paige, Ch. 366.

It was not shown that Mackay had any judgment lien on this land, or that he filed a sufficient notice of intention to redeem this land; nor did he obtain the certificate required by the statute. The certificate of redemption did not state the amount claimed to be due on his judgment at the time of redemption. *Williams* v. *Lash,* 8 Minn. 496, (Gil. 441;) *Wilson* v. *Hayes,* 40 Minn. 531; *Tice* v. *Russell,* 43 Minn. 66; *Miller* v. *Lewis,* 4 N. Y. 554; *Buchanan* v. *Tracy,* 45 Mo. 437; *Smith* v. *Buse,* 35 Minn. 234; *Nelson* v. *Central Land Co.,* 35 Minn. 408; *Greve* v. *Coffin,* 14 Minn. 345, (Gil. 263.)

*Healy & Miller,* for respondent.

Plaintiff was not proving his judgment in this action. He was establishing the relation of debtor and creditor between Mackay and Eidem. That was one of the links in the chain of title. *Herrick* v. *Ammerman,* 32 Minn. 544.

The notice of intention to redeem filed by Mackay was insufficient, but redemption was actually made and Snow received and has retained the money. The object of the notice was to fix the order in which the parties were to exercise the right of redemption and this object was accomplished. *Atwater* v. *Manchester Sav. Bank,* 45 Minn. 341.

GILFILLAN, C. J. This is an action to determine adverse claims to real estate, each party alleging and relying on a strictly legal title. Each claims title through the foreclosure of a mortgage held by one Snow, who was the purchaser at the foreclosure sale. Plaintiff claims through alleged redemptions by subsequent judgment lien creditors; defendant through a conveyance by Snow, made several months

after the year from the time of the foreclosure sale expired. The foreclosure sale was February 1, 1879. January 31, 1880, one Mackay filed what was intended as a notice of intention to redeem, though it did not describe either the mortgage or the foreclosure sale or the land. As a notice of intention to redeem any particular land from any given sale, it was about as bad as could be drawn, and it was wholly ineffectual; but on February 5th the sheriff received the money from him, and issued a certificate of redemption. January 28, 1880, P. P. Mast & Co., a corporation, filed notice of intention to redeem on two judgment liens claimed by it subsequent to the lien claimed by Mackay, and February 7th it paid the proper amount to the sheriff, who issued to it a certificate of redemption, and plaintiff claims title through it.

The several judgments are claimed to have been rendered by justices of the peace, and transcripts filed, and the judgments docketed in the office of the clerk of the district court for the county. At the trial, the only evidence of the judgments offered were certified copies of the docketing. This was not sufficient. A judgment must be proved by the judgment record, or an authentication of it. The docketing, which is no part of the judgment, but which is an act done after its entry, for the purpose, under the statute, of making it a lien on real estate, does not prove it. The case of *Herrick* v. *Ammerman*, 32 Minn. 544, (21 N. W. Rep. 836,) relied on by respondent, does not decide that the docket alone is the judgment, but that under 1878 G. S. ch. 65, §§ 72, 73, the filed transcript with the docketing, makes the judgment of the justice a judgment of the district court, and it may be proved by copies of the transcript and docket, authenticated by the clerk of that court.

It is objected to the certificate of redemption issued to Mackay that it does not state, as the statute requires, the amount claimed to be due on the lien upon which the redemption was made. It would seem hard that such a defect should defeat the right of a subsequent redemptioner, especially that it should defeat it in favor of the purchaser, the statement not being required for his information, and if there be anything due on the lien, so that the right to redeem exists, he being no way interested in the amount of it. Whether a sub-

sequent redemptioner may or may not take advantage of such a defect, we are satisfied the purchaser cannot. But assume that the defect avoided Mackay's redemption, then the case would be that he failed to redeem, and that would not affect P. P. Mast & Co.'s right to redeem within the time allowed on the lien of their judgment, to wit, five days after the five days allowed Mackay.

The defect in Mackay's notice of intention to redeem presents a more serious question. The appellant urges that, his notice being ineffectual, he was not a redemptioner under the statute; consequently P. P. Mast & Co. was the first redemptioner, and ought to have made its redemption within five days after the year expired; and, not having done so, its right to redeem was gone. The statute, (1878 G. S. ch. 81, § 16,) after giving subsequent lien creditors the right to redeem, proceeds: "Provided, that no creditor shall be entitled to redeem; unless within the year allowed for redemption he files notice of his intention to redeem in the office of the register of deeds where the mortgage is recorded."

As we have seen, Mackay's notice was ineffectual, but the trial court found that the money paid by him to make redemption was in February, 1880, received, and has ever since been retained, by Snow, the purchaser; and concludes, in effect, that he thereby waived his right to object to the want of a proper notice.

This raises the question, can a purchaser waive, by acts *in pais*, the filing of a sufficient notice, such as is required by statute, on the part of a lien creditor who has attempted to redeem from him? That he may do it by deed as by executing to such creditor the usual certificate of redemption, there can be no question. Of course he cannot waive it so as to affect any one but himself. In order to the passing of the legal title by means of the redemption (and the plaintiff relies not on any equitable rights he may have through the attempted redemption and waiver, but solely on the legal title) some things are undoubtedly indispensable. For instance, a certificate of redemption, in substance such as the statute directs, is essential to the passing of the legal title, although, perhaps, the redemptioner may acquire equitable rights without it. *Smith* v. *Buse*, 35 Minn. 234, (28 N. W. Rep. 220.) And undoubtedly the person seeking to

redeem must belong to the class to whom the right of redemption is given; that is, he must be a creditor having a lien junior to that on which the sale was made. When a person claiming title through redemption shows such a foreclosure sale as is effectual under the statute to pass the legal title to the purchaser, shows his lien and a certificate of redemption issued to him regular on its face, what more need be proved to show the legal title vested in him? Must he also prove that he filed the notice of intention to redeem, and that he produced to the sheriff the papers required by section 14? ·We think not. The statute does not contemplate that the notice of intention to redeem, or the papers mentioned in section 14, shall be part of the redemptioner's muniments of title. They are to serve a temporary purpose. No provision is made for recording any of them. The omission of any of those things would be an irregularity that might entitle a party prejudiced by or having the right to complain of it, to have the redemption canceled in an action brought for that purpose. But we think the right to object to any such omissions may be lost by waiver or by acquiescence. In *Wilson* v. *Hayes*, 40 Minn. 531, (42 N. W. Rep. 467,) it was held the omission to file within twenty-four hours, as required by Laws 1881, (Ex. Sess.) ch. 3, the papers mentioned in the above section 14 could be taken advantage of only by junior redemptioners, for whose benefit and protection such filing was intended. In *Tice* v. *Russell*, 43 Minn. 66, (44 N. W. Rep. 886,) it was held that a purchaser may waive (in that case by acts *in pais*) his strict legal rights as to the time of redemption, and may agree to allow a redemption at a subsequent time. The statute is just as explicit that the redemptioner shall redeem within the specified time as it is that he shall file notice of intention to redeem. It would seem, if the purchaser may waive compliance with the statute in one particular, he may in the other. We are therefore of opinion that a defect in the notice does not prevent the passing of the legal title through the certificate of redemption, regular on its face; and that if those for whose benefit alone such notice is required, to wit, the person from whom redemption is to be made and the holders of liens junior to that on which such redemption is made, choose to acquiesce in the redemption, no other party can object.

As the plaintiff did not prove the liens on which the redemptions were attempted, there must be a new trial.

Judgment reversed.

MITCHELL, J.    I think that by accepting and retaining the redemption money Snow waived all objections to the right of the party paying it to redeem, including any objections as to the existence or validity of the lien under which the right was assumed to be exercised. And I do not see why he might not waive this by acts *in pais*, as well as any of those matters suggested in the opinion of the court, such as the insufficiency of the notice of intention to redeem.    The lien under which he claimed the right to redeem is no more a part of the muniments of title of a redemptioner than is the notice referred to. I therefore dissent.

(Opinion published 52 N. W. Rep. 864.)