NILS O. WERNER, Receiver, *et al. vs.* ANDREW G. LINDGREN *et al.*

Submitted on briefs Jan. 11, 1894.   Affirmed Jan. 30, 1894.

No. 8520.

**Findings supported by the evidence.**
  Evidence *held* to justify a finding of fact.

Appeal by defendant, Andrew G. Lindgren, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made August 18, 1893, denying his motion for a new trial.

In that court Anna Lindgren obtained a divorce *a menso et thoro,* December 10, 1891, from her husband, the defendant Swante A. Lindgren and was given the custody of their two children. By the judgment she was awarded from his estate $45 a month thereafter for the support of herself and children. He failed to pay and on October 3, 1892, the plaintiff, Nils O. Werner, was appointed by that court receiver of the rents and profits of all the real estate of the husband and authorized to bring action to protect the lien of the wife's judgment thereon. The husband owned lots sixteen (16) and seventeen (17) in block six (6) in Hancock & Rice's Addition to Minneapolis, with the tenement building thereon worth $10,000 and pro-

ducing $75 per month rent, but incumbered by mortgage for $3,000 to Michael and Lars Munson. This mortgage the husband induced the mortgagees to foreclose. The proceedings at the sale are stated in the opinion.

The trial court found the foreclosure sale to Andrew G. Lindgren and the sheriff's certificate thereof were void and directed judgment vacating and setting them aside. Defendant moved for a new trial, but was denied and he appeals.

*Merrick & Merrick* and *H. H. Merrick*, for appellant.

It is claimed that because Andrew G. Lindgren bid the property off for its entire value and for a sum in excess of the amount due on the mortgage, that there must have existed in the minds of the Lindgrens some fraudulent intent, and this was no doubt the idea of the trial court, and yet such a position can hardly be maintained. Swante A. Lindgren's position was anything but pleasant. He owned considerable real estate, all incumbered, with interest and taxes constantly accruing. In addition there were heavy expenses connected with the divorce proceedings, as well as the monthly alimony allowed, and yet he could not sell a foot of land or make a transfer without his wife's signature. This foreclosure sale to his brother was to raise money to pay these expenses and was not fraudulent.

*Ueland & Holt*, for respondents.

The second sale by the sheriff on the foreclosure of the mortgage was invalid, because the power of sale was exhausted by the first sale an hour previous. *Paquin* v. *Braley*, 10 Minn. 379; *Dick* v. *Moon*, 26 Minn. 309; *Fowler* v. *Johnson*, 26 Minn. 338; *Hanson* v. *Dunton*, 35 Minn. 189.

As the notice fixed the time of sale at ten o'clock, a sale to be valid had to be made before eleven. *Richards* v. *Finnegan*, 45 Minn. 208.

Another ground for holding the sale void was the fraud on the part of the defendants in using the foreclosure proceeding to cut out the lien of the wife. The foreclosure was made with a view of practically selling the property to Andrew, freed from her claim, as Swante did not expect to redeem it. This was a fraud on the wife.

GILFILLAN, C. J.    Anna Lindgren, one of the plaintiffs, and Swante A. Lindgren, were husband and wife, and she brought an action and recovered judgment against him in the district court in Hennepin county, granting her separation from him, and the custody of their children, and directing him to pay her, as alimony, for the support of herself and children, $540 per year, payable in equal monthly installments, and authorizing her at any time thereafter to apply to the court for such order or process of the court for the enforcement of the judgment as might be consistent with the power and authority of the court.

At the time of this judgment, he owned a piece of improved real estate in Minneapolis, yielding a gross rental of about $70 a month, and which was incumbered with a mortgage for $3,000, executed by himself and plaintiff Anna.    This mortgage coming due, the mortgagees began proceedings to foreclose under the power;  the sale being advertised for August 8, 1892, at 10 o'clock A. M.    At the appointed time the premises were, pursuant to the notice, exposed for sale, and sold by the sheriff to the mortgagees at $3,259.58,—that being the amount of principal and interest on the mortgage and costs,—and the sheriff executed to the purchasers the usual certificate of sale.    Thereupon, Swante and the other defendant, Andrew G., his brother, who were not present at the sale, sought the purchaser and his attorney, who had left the place of sale, and induced them to consent to a resale, which the purchaser was willing should be had, provided he was fully paid what was due on the mortgage, with costs.    The parties then returned to the place of sale, and, at the request of Swante and Andrew G.,—the purchaser consenting,—the sheriff again exposed the premises to sale;  and they were struck off to Andrew G. at the price of $7,000, who furnished Swante enough to pay off the mortgagee purchaser, (who thereupon destroyed his certificate of sale,) and for the remainder of the sum bid he executed to Swante his promissory note payable on demand. On application of the plaintiff in the judgment, this plaintiff, Werner, was appointed receiver of the rents and profits of all the real estate of Swante, with authority to bring this action to set aside the sale to Andrew G.    As to that sale, the court finds as a fact that it was procured to be made with intent to defraud Anna of her rights and interests in the property, and put it beyond her reach

and the reach of the court, so as to prevent payment of the alimony being enforced.

This finding of fact is justified by the evidence. She certainly may complain of an arrangement, made without her consent, and with intent to defraud her, by which the amount she would be required to pay in order to redeem was more than doubled.

Order affirmed.

(Opinion published 57 N. W. Rep. 793.)