ELEMENIA LAROCQUE v. CHARLES E. CHAPEL, Sheriff.[1]

January 24, 1896.

Nos. 9831—(344).

**Mortgage—Foreclosure by Advertisement—Costs and Disbursements —Affidavit—Time for Filing.**

G. S. 1894, § 6051, provides that the party foreclosing a mortgage shall make and file an affidavit of costs and disbursements "within 10 days after foreclosure." *Held*, that the 10 days begin to run, not from the day the property is offered for sale and struck off to the purchaser, but from the time the foreclosure sale is completed by the execution and recording of the certificate of sale.

**Same.**

But *held*, also, that although the provision of G. S. 1894, § 6038, that the certificate of sale shall be executed and filed within 20 days after sale may be merely directory as to time, yet as the provision as to filing the affidavit of costs and disbursements is mandatory, a party cannot extend the time for filing such affidavit by failing to procure and file his certificate within 20 days after sale.

1 Reported in 65 N. W. 941.

63  517
65  134
63  517
73  99
63  517
f84  66

Action in the district court for Ramsey county. The case was tried before C. D. Kerr, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Nelson & McDermott*, for appellant. (By consent of counsel, *Smith, Pulliam & Smith* also filed a brief on behalf of appellant.)

*Eller & How*, for respondent. (By consent of counsel, *Cash, Williams & Chester, Agatin, Davidson & Carey*, and *Francis W. Sullivan* also filed a brief on behalf of respondent.)

MITCHELL, J. This action was brought to recover from the sheriff an alleged surplus upon a foreclosure under a power of sale, to the extent of the expenses of foreclosure, including the stipulated attorney's fees. It is based upon an alleged failure to comply with the requirements of G. S. 1894, § 6051, that an affidavit of the costs and disbursements embraced in the foreclosure sale shall be made and filed "within 10 days after foreclosure." The auction sale took place on September 18. The certificate of sale was executed by the sheriff on September 27, and recorded on September 29. The affidavit of costs and disbursements required by the statute was also filed on September 29.

The whole case turns upon the meaning of the phrase "within 10 days after foreclosure," as used in the statute. Plaintiff contends that it means within 10 days after the auction at which the property was struck off to the purchaser. If this is so, then the affidavit was filed one day too late. On the other hand, the contention of the defendant is that the "foreclosure" is not completed until the certificate of sale is executed and recorded, which is directed to be done within 20 days after the sale, and hence that the 10 days within which the affidavit of costs and disbursements is to be filed commence to run, not from the auction of the property, but from the completion of the foreclosure by the execution and recording of the certificate of sale. Although we have several times had occasion to construe this section of the statute, and have held that it was mandatory, the question here presented has never before been raised. Johnson v. Northwestern L. & B. Assn., 60 Minn. 393, 62 N. W. 381; Brown v. Scandia B. & L. Assn., 61 Minn. 527, 63 N. W. 1040. It may be that, not having the present ques-

tion in mind, we may have sometimes used language that might seem to favor plaintiff's construction; and it may possibly be true that there are other provisions of statute where the phrase, "time of foreclosure," appears, from the context, to refer to the time when the property was offered for sale and struck off to a bidder. But our conclusion is that, in the section now under consideration, the word "foreclosure" is used in the sense contended for by the defendant.

Section 6038 requires the officer making the sale to execute and deliver to the purchaser a certificate in the form specified which "shall be executed, proved or acknowledged and recorded * * * within 20 days after such sale." Section 6039 provides that "such certificate, so proved, acknowledged, and recorded, shall, upon the expiration of the time for redemption, operate as a conveyance," etc. The execution and recording of the sheriff's certificate thus appears to be made the last step provided for in process of foreclosure. Then comes section 6051, which provides that an affidavit of the costs and disbursements shall be made and filed for record "within 10 days after foreclosure." It is to be observed that generally, if not always, the legislature calls the auctioning of property the "sale" and not the "foreclosure." The execution of the certificate is an essential part of the sale. While rights and liabilities may attach at the date of the auction, yet the sale is not consummated or completed until the proper certificate is executed by the sheriff to the purchaser. Catlin v. Jackson, 8 Johns. 406; Arnot v. McClure, 4 Denio, 41. In Smith v. Buse, 35 Minn. 234, 28 N. W. 220, this court held that, in the absence of a sheriff's certificate, no title passed by the foreclosure proceedings. In Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436, we held that a foreclosure was not invalidated by a failure to file an affidavit of costs and disbursements, because it was no part of the foreclosure proceedings; that "the sale is complete, so far as any act is required to complete it, when the certificate is executed, acknowledged, and recorded." In view of these considerations, the word "foreclosure," as used in section 6051, must be construed as referring to a sale completed and consummated by the execution and recording of the proper certificate.

There are two other considerations which furnish support to this view: First, the cost of executing and recording the certificate of sale is a part of the costs of foreclosure, and it would seem that the statute does not contemplate including in the affidavit any costs or disbursements not already made or incurred; second, it was stated by defendant's counsel and practically admitted by counsel for plaintiff that this is the construction that has been generally acted upon by the bar. Where a statute will reasonably admit of either of two constructions, this last consideration is entitled to much weight.

To avoid misapprehension, we add that, although the provision that the certificate of sale shall be executed and recorded within 20 days after sale may be merely directory as to time, yet as the provision requiring the affidavit of costs and disbursements to be filed within 10 days after foreclosure is mandatory, a party cannot extend the time for complying with the mandatory, by failing to comply with the directory, provision. In no event will the time for filing the affidavit extend beyond 30 days from the date of sale; that is, the day the property was auctioned off.

Order affirmed.