ANDREW G. LINDGREN v. SWANTE A. LINDGREN and Others.

June 23, 1898.

Nos. 11,066—(164).

**Foreclosure of Mortgage—Judgment Setting Sale Aside not a Bar to Action to Foreclose.**

A judgment that a certain sale of mortgaged real property under a power contained in a mortgage, and a sheriff's certificate based on the sale, are null and void, and that the party claiming under such certificate has no right, title or interest in or to the property under or by virtue of such sale or certificate, is no bar to an action subsequently brought to foreclose the mortgage.

**Same—Sale Invalid for Fraud Does not Extinguish the Lien.**

A sale of mortgaged property in foreclosure proceedings, declared to be illegal and invalid on the ground of fraud therein, could not, as to a mortgagor, operate to extinguish a valid mortgage to satisfy which the sale was made.

**Same—Where Sheriff's Certificate Operates as Conveyance.**

It is only where a sheriff's certificate of foreclosure of sale under the power has been acknowledged and recorded, and the year of redemption has expired, that such certificate is permitted to operate as a conveyance of title.

**Plaintiff Cannot Recover when Compelled to Prove His Illegal Act.**

The rule is that while a plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction, he may recover if he can show a complete cause of action without being obliged to prove the illegal act, although such act may incidentally appear, and may even be important as explanatory of other facts in the case.

Action in the district court for Hennepin county against Swante A. Lindgren and Anna Lindgren, his wife, and Nils O. Werner, as receiver of the rents and profits of their real estate, to foreclose a mortgage.

Defendant Swante A. Lindgren did not appear, and the other defendants answered jointly. The case was tried before Belden, J., who found as facts, among other things, as follows: The mortgage was executed May 19, 1888, by the Lindgrens to Michael and Lars Munson to secure the principal sum of $3,000, evidenced by the note of the mortgagors. By a judgment rendered December 10, 1891, Mr. and Mrs. Lindgren were separated from bed and board, and he was required to pay her a certain yearly sum, and upon his failure so to do defendant Werner was appointed receiver of the rents and profits of his real estate for the purpose of paying from them the amount awarded her. In consequence of a default in the conditions of the mortgage the mortgagees in June, 1892, proceeded to foreclose it by advertisement. The sale was set by the notice at 10 a. m. on August 8, 1892, and at the time and place named the premises were sold by the sheriff to the mortgagees, they being the highest bidders, for $3,259.58, which was the full amount due. The sheriff immediately delivered to the purchasers a certificate of sale in due form, which however was never recorded. Afterwards, on the same day, defendant Swante A. Lindgren procured the sheriff to make another sale of the property, at which plaintiff bid $7,000, for which sum the premises were struck off to him. Plaintiff and

Swante A. Lindgren procured the consent of the Munsons to the second sale on condition that they should be paid the $3,259.58 for which they had bid in the premises; after the second sale plaintiff paid that amount to the sheriff, who immediately paid it to the Munsons, whereupon they surrendered their certificate of sale to plaintiff and Swante A. Lindgren, who canceled it. A second certificate of sale in usual form, and reciting that the premises were duly sold to plaintiff for $7,000 pursuant to the notice, was delivered by the sheriff to plaintiff and recorded on August 8, 1892. Plaintiff at the same time delivered to Swante A. Lindgren his promissory note for the balance of the $7,000. Subsequently Mrs. Lindgren and the receiver brought action against plaintiff and Swante A. Lindgren to have the sale to plaintiff and the certificate issued to him set aside, and the amount of plaintiff's lien, if any, determined; and judgment was rendered that Swante A. Lindgren and plaintiff had solicited and procured the sheriff to make said sale to plaintiff, and to issue said certificate to him, with intent to defraud said Anna Lindgren of her rights and interest in the property and to put it beyond her reach and the reach of the court, so as to prevent payment of the alimony awarded to her, and decreeing that the sale and certificate were null and void and that plaintiff had no right, title or interest in the premises under and by virtue thereof. October 30, 1895, the Munsons executed to plaintiff an assignment of the note and mortgage and the moneys secured thereby. As conclusion of law the court found that plaintiff was not entitled to any relief.

From an order, Smith, Simpson, McGee and Lancaster, JJ., denying a motion for a new trial plaintiff appealed. Reversed.

*C. J. Buell, A. B. Darelius* and *Brooks & Hendrix,* for appellant.

This mortgage has never been foreclosed. A void foreclosure does not discharge the lien of the mortgage. Folsom v. Lockwood, 6 Minn. 119 (186); Lash v. McCormick, 17 Minn. 381 (403); Rogers v. Benton, 39 Minn. 39; Fort v. Roush, 104 U. S. 142. Nothing but actual payment of the debt, or an express release, will operate as a discharge of the mortgage. Folsom v. Lockwood, supra; Geib v. Reynolds, 35 Minn. 331. Foreclosure by advertisement is in dero-

gation of the common law and must be strictly pursued. ' Clifford v. Tomlinson, 62 Minn. 195. The foreclosure was invalid because the certificate was not recorded. G. S. 1894, §§ 6038, 6039; Larocque v. Chapel, 63 Minn. 517. The consideration for the assignment to plaintiff was immaterial. Fagan v. Peoples S. & L. Assn., 55 Minn. 437. If title passed by the first foreclosure, subject to redemption, such title was not revested by the destruction of the certificate. Rogers v. Rogers, 53 Wis. 36. The former judgment is not a bar. The decree did not undertake to adjudicate that plaintiff had no lien upon the premises. It cannot be interpreted to adjudge that he could never thereafter purchase, or otherwise obtain, a lien. A clear distinction exists between a "right, title and interest" to land and a lien thereon. The latter is in no sense a "right, title, interest in or to the said mortgaged premises." Wiltsie, Mort. Forec. § 10; Boone, Mort. § 221; Devlin, Deeds, § 421; 2 Jones, Mort. § 1893; Mitchell v. Bartlett, 51 N. Y. 447; Daniels v. Smith, 4 Minn. 117 (172); Donnelly v. Simonton, 7 Minn. 110 (167); Smith v. Buse, 35 Minn. 234. The claim herein sued upon at the commencement of the former action was a mere lien. It was not transferable by a conveyance in ordinary form. Hill v. Edwards, 11 Minn. 5 (22); Everest v. Ferris, 16 Minn. 14 (26). A lien upon lands is not an estate or interest therein. Bidwell v. Webb, 10 Minn. 41 (59); Brackett v. Gilmore, 15 Minn. 190 (245); Turrell v. Warren, 25 Minn. 9. The mortgagee as such has no title in the land mortgaged. He has neither jus in re nor jus ad rem, but a mere security for his debt. Gardner v. Heartt, 3 Denio, 232; Dunlap v. Stetson, 4 Mason, 349, 364. Nor could the validity of such lien have been determined in that action, which was brought to remove a specific cloud upon title, viz. the second certificate and the sale evidenced thereby. Being such, it could not be maintained as an action to determine adverse claims. Walton v. Perkins, 28 Minn. 413; Knudson v. Curley, 30 Minn. 433; Myrick v. Coursalle, 32 Minn. 153; Pfefferle v. Wieland, 55 Minn. 202, 209. The plaintiff was not required to set up by cross bill in the former suit his right of action to foreclose his lien upon the premises in question. The owner of property cannot compel a mortgagee to foreclose. Clark v. Wilson, 56 Miss. 753. The alleged fraud is no defense. The judgment

made no mention of fraud. No estoppel by judgment was shown. Swank v. St. Paul City Ry. Co., 61 Minn. 423. Implied or constructive fraud does not justify denial of relief. Leqve v. Stoppel, 64 Minn. 74. The case is distinguished from cases like Sands v. Codwise, 4 Johns. 536; Bean v. Smith, 2 Mason, 252; Thompson v. Bickford, 19 Minn. 1 (17), in which there were innocent creditors on whom loss would fall, if fraudulent transfers were allowed to stand. Even though plaintiff's cause of action were based upon the sale and certificate to him, and it were claimed that there was an intent to defraud both mortgagors, and this fact had been expressly found by the court, this action would, nevertheless, lie. Billington v. Forbes, 10 Paige, Ch. 487; Francis v. Church, Clarke, Ch. 475; Banta v. Maxwell, 12 How. Pr. 479; Mead v. Combs, 19 N. J. Eq. 112; Fort v. Roush, 104 U. S. 145; Stackpole v. Robbins, 47 Barb. 212. If the plaintiff can show a complete cause of action without being obliged to prove an illegal act, although such illegal act may incidentally appear, he may recover. Gammons v. Johnson, 69 Minn. 488; Frost v. Plumb, 40 Conn. 111; Woodman v. Hubbard, 25 N. H. 67; Morton v. Gloster, 46 Me. 520; Hall v. Corcoran, 107 Mass. 251.

*A. Ueland*, for respondents.

Whatever the effect of the foreclosure sale to the Munsons, they could not, after receiving the amount of the mortgage debt and costs of foreclosure and after canceling the note, have maintained an action to foreclose. A purchaser at a void foreclosure sale becomes an equitable assignee of the mortgage. Jellison v. Halloran, 44 Minn. 199. The doctrine that the right of the mortgagee passes to the purchaser rests upon an equitable estoppel. Johnson v. Sandhoff, 30 Minn. 197. Consequently, if any right existed under the mortgage subsequent to the transaction of August 8, 1892, that right was in plaintiff and not in the mortgagees, and the latter therefore did not by the assignment transfer any right which plaintiff did not already have. It is true that the Munson sale did not vest any title because the certificate was destroyed and not recorded as required by section 6038. See Smith v. Buse, 35 Minn. 234. But it does not necessarily follow that it left the mortgage lien in force. If a sale is otherwise valid, it does not become inoperative so as to

keep the mortgage lien in force by the purchaser deliberately canceling or omitting to record his certificate, but it operates in such case to satisfy the debt; and in failing to get title the purchaser simply suffers the penalty of his own fault. The recording of the certificate has nothing to do with the power of sale, but is only a regulation outside of the contract by which title is passed. See G. S. 1894, § 7607; Hood v. Adams, 124 Mass. 481.

Plaintiff's claim is res adjudicata. The second sale and the surrender and cancellation of the certificate were one transaction. If the cancellation of the certificate left the mortgage lien intact, then we have a second abortive sale at which plaintiff became purchaser and as such paid the mortgage debt. If he thereby acquired any right it was as equitable assignee of the mortgage. In the suit to set aside this sale, these respondents prayed that if the court should find plaintiff entitled to any lien, the amount thereof should be determined. It must be assumed that the court did determine plaintiff's equities. Thompson v. Myrick, 24 Minn. 4. Plaintiff was guilty of active fraud. This issue was determined in the former action. It is not the object of the suit, the recovery, or fruit of the litigation alone, that constitutes the estoppel, but the facts put in issue and found, upon which the recovery is based. Caperton v. Schmidt, 26 Cal. 479; Lee v. Kingsbury, 13 Tex. 68; Hazen v. Reed, 30 Mich. 331; Boom v. St. Paul F. & M. Co., 33 Minn. 253; McClung v. Condit, 27 Minn. 45; Thompson v. Myrick, supra; Bazille v. Murray, 40 Minn. 48; Cromwell v. County of Sac, 94 U. S. 351; Irish American Bank v. Ludlum, 56 Minn. 317; Swank v. St. Paul City Ry. Co., 61 Minn. 423. And although a judgment may not be a bar to another action, the parties are estopped from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, has been on such issue joined, solemnly found against them. Cromwell v. County of Sac, supra. Plaintiff, being guilty of active fraud, acquired no right. Leqve v. Stoppel, 64 Minn. 74. See, also, Thompson v. Bickford, 19 Minn. 1 (17); Byrnes v. Volz, 53 Minn. 110; 1 Pomeroy, Eq. Jur. § 401; Sands v. Codwise, 4 Johns. 536; Gilbert v. Hoffman, 2 Watts, 66; McCaskey v. Graff, 23 Pa. St. 321; Jackson v. Summerville, 13 Pa. St. 359.

COLLINS, J.

Nearly all of the facts of consequence here were stated in Werner v. Lindgren, 56 Minn. 309, 57 N. W. 793. When that case was remanded judgment was entered in the court below, in accordance with the conclusions of law, and then, in 1895, plaintiff, one of the defendants in that action, instituted this action to foreclose the mortgage in question, making both of the mortgagors, husband and wife, and the receiver, Werner, parties defendant, and alleging title to the note and mortgage by sale and assignment. The complaint was in the usual form in such cases, but in addition alleged the appointment of Werner as receiver, and the facts in reference to the second and invalid 'foreclosure sale, the bringing of the action to have it set aside, and the rendition of the judgment in that action, hereinbefore mentioned.

The answer of defendant wife and the receiver, among other things, set forth the sale of the mortgaged premises to the mortgagees under the power prior to, and on the day of, the fraudulent or second sale, August 8, 1892; and we shall assume for the purposes of this case, that the proceedings as the same were had and conducted, up to and including the execution and delivery of the sheriff's certificate in which the original mortgagees were named as purchasers of the premises, were regular and valid in every respect; and as a consequence that, had this certificate been put upon record within the statutory period of 20 days, title to the mortgaged premises would have passed to the purchasers at the expiration of one year, in the absence of a redemption. But the certificate was not recorded, and in fact was destroyed after it had been delivered by the holders thereof to the plaintiff herein, he having paid to such holders the actual sum due on the debt, with all costs of foreclosure.

And of course this plaintiff is bound by the judgment in the former action to the effect that he caused the mortgaged premises again to be offered for sale, and to be struck off to himself for a sum largely in excess of the amount due; that he procured from the sheriff and placed upon record another certificate based upon the second sale; that he paid his money to the purchasers at the first sale, and received into his possession, and then destroyed, the certificate which they held, in pursuance of a scheme previously

concocted between himself and defendant husband to defraud the defendant wife; and that for these reasons the second sale, and the certificate issued thereon, were adjudged invalid and ineffectual. But are these facts sufficient entirely to destroy the lien of the mortgage, and to prohibit and prevent a foreclosure of the mortgage in an action wherein the equitable rights of all parties can properly be adjudicated?

On a trial of the issues made by the answer of the defendant wife and defendant receiver, defendant husband being in default for want of answer, the court below responded to this question in the affirmative; its conclusions of law being that plaintiff was not entitled to any relief, and that the answering defendants were entitled to judgment for their costs and disbursements.

1. To support this conclusion of the court below, it is argued that the plaintiff's claim is res judicata; but this contention is without merit, for the judgment in the former action, in strict accordance with a conclusion of law based upon facts found and particularly directed towards that part of the transaction of August 8, 1892, which was claimed to have been a fraud upon Mrs. Lindgren, was simply that the sale to this plaintiff and the certificate of the same were wholly null and void, vacated and set aside, and that the plaintiff had no right, title or interest in and to the mortgaged premises under or by virtue of said sale or certificate. The judgment wiped out of existence the fraudulent sale and all evidence of it. There was no fact found on which could have been predicated a conclusion of law disposing of plaintiff's rights derived through his payment to the holders of the first certificate of the amount of money it actually represented, and thus obtaining possession of such certificate. Nor was there any such conclusion, nor did the judgment itself go any further than to set aside and vacate the illegal and fraudulent sale and the certificate issued thereon. In fact, the language used in the order for the judgment, and in the judgment itself, indicates a clear and unmistakable purpose not to pass upon or determine anything but Mrs. Lindgren's right to have the pretended sale and the certificate annulled and set aside. It is obvious that the conclusion of law in this action could not have been founded on estoppel by judgment.

73 M.—7

2. The question now arises as to the alleged fraud, and whether it is a defense which would prevent the relief demanded.

The plaintiff's cause of action existed originally in favor of the mortgagees, and was in no manner infected with fraud. The mortgage debt has not been paid, and, unless canceled by the fraudulent transaction, remains the obligation of both Mr. and Mrs. Lindgren, for both signed the note. If this order for judgment be upheld, the lien of the mortgage is extinguished as to all persons, and the judgment therein entered will be a bar to any further attempt to enforce the conditions of that instrument. Not only will the lien be discharged as to Mrs. Lindgren, on whom the fraud was intended, but also as to Mr. Lindgren, who was unquestionably the chief instigator of the fraudulent scheme. It is the law that a void foreclosure does not discharge the lien of the mortgage, and the general rule is that nothing but an actual payment of the debt, or an express release, will operate as a discharge. Folsom v. Lockwood, 6 Minn. 119 (186); Rogers v. Benton, 39 Minn. 39, 38 N. W. 765.

If the first sale and certificate were eliminated from the proceedings of August 8, 1892, a fraud perpetrated upon Mrs. Lindgren in the foreclosure, which would entitle her to have it vacated and set aside, or a judgment based upon such a fraud, would not operate to destroy the lien of the mortgage. In other words, had the fraud upon this woman been consummated when the premises were first offered for sale, and for that reason such sale and a certificate thereon issued had been annulled and vacated, the fact, or the judgment, would not have stood in the way of a subsequent foreclosure by action. The judgment would not have destroyed the lien of the mortgage. The legal effect of the judgment in the former action would simply be to vacate and wipe out the foreclosure proceedings, and to restore the mortgage to the same position it held prior to the fraudulent sale. The mortgage would have remained as if it had never been foreclosed. The manner in which the sale was conducted might vitiate it, but in no way could that invalidate the mortgage itself. A sale of this property in foreclosure proceedings declared to be illegal and invalid on the ground of fraud therein could not, as to the mortgagor, operate to extinguish a valid mortgage, to satisfy which the sale was made. When this proceeding

had been adjudged invalid, and had failed to accomplish the intended object, the mortgage would still remain in full force and effect. No rights would be affected. The mortgagors would not be injured, as they had not paid the debt; and the mortgagees would not be affected by it, as they had not received the sum secured. Stackpole v. Robbins, 47 Barb. 212, affirmed in 48 N. Y. 665. See also Francis v. Church, Clarke, Ch. 475; Mead v. Combs, 19 N. J. Eq. 112; Fort v. Roush, 104 U. S. 145.

If, then, this would be a correct view of the case, had there been no prior sale to that adjudged fraudulent, in what way and on what principle can the fact that the property had been offered for sale in valid proceedings under the power, had been actually sold, and a sheriff's certificate executed and delivered, but not recorded, unfavorably affect the rights of the person holding the legal or equitable title to the mortgage, in the absence of any one who has acted or relied on such sale and has a right to insist upon its validity?

In Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436, it was held, in effect, that a foreclosure sale is not complete until the sheriff's certificate is executed, acknowledged and recorded; while in Smith v. Buse, 35 Minn. 234, 28 N. W. 220, it was held that, in the absence of the certificate, no title passed by the foreclosure proceedings. And in Larocque v. Chapel, 63 Minn. 517, 65 N. W. 941, the word "foreclosure" in G. S. 1894, § 6051, was construed as referring to a sale completed and consummated by the execution and recording of the sheriff's certificate. It was said in this last case that the execution and recording of this certificate "appears to be made the last step provided for in process of foreclosure." No title to the mortgaged premises did or could pass to the purchasers at the first sale. The certificate was destroyed without being recorded, and it is only when the certificate has been acknowledged and recorded, and the year of redemption has expired, that a sheriff's certificate of foreclosure is permitted to operate as a conveyance of title. G. S. 1894, § 6039. And if no title to the premises passed at any time, in what way was the mortgage satisfied or its lien discharged? No satisfactory answer to this question can be suggested.

The purchasers, mortgagees, obtained nothing, because the sale was not completed so that title passed. No one would contend

that, had the foreclosure proceedings terminated with the execution and delivery of the valid certificate, the same never having been placed on record, the holder of the mortgage could not again take steps to enforce its collection, subject, of course, to the right of the mortgagor or owner of the property to adopt the defective and incomplete proceeding as valid and effectual. We are of the opinion that, for the purposes of this case, it must be held that the first sale, including the execution and delivery of the certificate, has not amounted to a discharge of the lien, and that the mortgage remains wholly unsatisfied.

It is also to be noticed that plaintiff's cause of action does not arise out of the fraudulent transaction. The note, the mortgage and proof of either the legal or the equitable title, establish his right to foreclose. His cause of action is complete without relying upon the illegal act.

Nor to show a right to recover would this act appear even incidentally. The rule is that while a plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction, he may recover if he can show a complete cause of action without being obliged to prove the illegal act, although such act may incidentally appear and may even be important as explanatory of other facts in the case. Frost v. Plumb, 40 Conn. 111; Woodman v. Hubbard, 25 N. H. 67; Morton v. Gloster, 46 Me. 520; Hall v. Corcoran, 107 Mass. 251. These cases were cited and the rule applied in Gammons v. Johnson, 69 Minn. 488, 72 N. W. 563. That an illegal and fraudulent sale was made after the valid one would not necessarily be disclosed when plaintiff was establishing his right to recover here, although it might incidentally appear when accounting for the failure to record the valid certificate. The essential thing is that the cause of action be not founded upon something illegal.

3. The question is now as to plaintiff's right to proceed. The original mortgagees—purchasers at the sale—were paid by plaintiff the amount due, and surrendered and delivered up to him the note, the mortgage and the certificate. Subsequently they executed and delivered to him a formal assignment and transfer of all of their right, title and interest in and to the mortgage, the debt

thereby secured, the sheriff's certificate and the mortgaged premises, with full power to proceed. They no longer had control of the debt, or the mortgage, or the certificate, but had transferred everything and all rights to plaintiff. He was either the equitable owner of the mortgage, because he had paid the amount due thereon to the purchasers at the sale and had obtained from them the note, mortgage and certificate under an agreement that they were to be his property, or he became the legal owner when he received the formal assignment. It is immaterial which, for, in either case, the power to foreclose existed in plaintiff.

4. The order appealed from is reversed and the cause remanded, with instructions to the court below to alter and amend its conclusion of law in accordance with the views herein expressed. Of course, the defendant Mrs. Lindgren must not be placed in a worse position than she would have been in had the certificate been recorded.