## HENRY H. HUDSON v. UPPER MICHIGAN LAND COMPANY AND OTHERS.[1]

November 27, 1925.

No. 24,962.

**Foreclosure of mortgage by advertisement vitiated whenever clear departure from essential requisites of statute.**

1. When a mortgage is foreclosed by virtue of a power of sale, all the essential requirements of the statute in respect to the foreclosure proceedings must be complied with; a clear departure therefrom will vitiate the proceedings.

**To bar right of redemption of subsequent judgment creditors certificate of sale must be recorded within 20 days.**

2. Under the circumstances mentioned in the opinion, in order to bar the right of redemption of judgment creditors having liens on the land subordinate to the lien of the mortgage, the certificate of sale must be recorded as provided by section 9613, G. S. 1923, within 20 days after the sale.

**By failing to redeem after giving notice of such intention appellant did not waive its rights.**

3. By giving notice of its intention to redeem and failing to do so, appellant did not waive its right to question the validity of the foreclosure, or adopt the defective and incomplete proceedings in such a manner as to preclude it from asserting that the respondent did not thereby acquire title to the land mortgaged.

1.  See Mortgages, 27 Cyc. pp. 1450, 1504.
2.  See Mortgages, 27 Cyc. p. 1488 (Anno).
3.  See Mortgages, 27 Cyc. p. 1505 (Anno).

In proceedings in the district court for Ramsey county to register title to certain land, Security State Bank of St. Cloud answered questioning respondent's title thereto. The matter was heard by Bechhoefer, J., who ordered judgment in favor of applicant. The

[1]Reported in 206 N. W. 44.

Security State Bank of St. Cloud appealed from the order denying its motion for a new trial and from the judgment. Reversed.

*Atwood & Quinlivan,* for appellant.

*Hugo Hendricks,* for respondent.

LEES, C.

In a proceeding for the registration of the title to certain land in the city of St. Paul, the appellant's answer raised an issue as to respondent's title, acquired under the foreclosure by advertisement of a mortgage on the land.

The Upper Michigan Land Company executed the mortgage in question. Respondent took an assignment of the mortgage and had it foreclosed. The sale took place on July 10, 1923, and respondent purchased the land and received the sheriff's certificate of sale. The certificate was not recorded until June 27, 1924, and that fact gave rise to this litigation.

Four judgments against the Upper Michigan Land Company had been recovered and docketed and were liens on the land. One of them was in favor of appellant. The land was released from the lien of the first judgment prior to the date of the foreclosure sale. Under its judgment appellant had a lien subordinate to the lien of the mortgage and inferior to the lien of the other two judgments.

The court found that appellant received a copy of the notice of the foreclosure sale before the sale took place; that on June 11, 1924, it ascertained the amount required to redeem from the sale; that between June 17, 1924, and July 9, 1924, it gained knowledge of all the facts relating to the foreclosure proceedings and knew that the sheriff's certificate had not been filed for record until June 27.

Acting upon the advice of counsel and with full knowledge of its rights, appellant on July 9, 1924, filed written notice of its intention to redeem as a judgment creditor having a lien on the land, and the notice was duly recorded on the same day, but appellant made no further attempt to redeem from the foreclosure sale. No redemption was made by the mortgagor or by the other judgment creditors.

Upon these facts the trial court concluded that the respondent had acquired title to the land. Judgment in his favor was ordered and appellant has appealed from an order denying its motion for a new trial. In denying the motion, the court said:

"Whether the provision requiring the recording of the sheriff's certificate within twenty days from the time of foreclosure sale be regarded as mandatory or directory, it is evident that the purpose is to bring notice to those interested. * * * '

"At and subsequent to the date of the sale, it (appellant) had actual knowledge of the foreclosure proceedings, and had acted under the guidance of able counsel. It deliberately gave notice that it intended to exercise its right to redeem, and after that it abandoned such right.

"Statutory rights, except as limited by public policy, may always be waived. (Sec. 10135, Dunnell's Minnesota Digest) and the facts in this case clearly establish a waiver."

Granting that this is a correct statement of the law, does it follow that appellant is precluded from questioning respondent's title?

Whether a sale on the foreclosure of a mortgage pursuant to a power of sale is void or voidable by reason of an irregularity in the proceedings depends upon the nature of the irregularity. 3 Jones, Mort. (7th ed.) § 1907. The rule adopted by this court is that, when the mortgagee elects to foreclose by advertisement, all the essential requisites of the statute must be complied with, and that a clear departure therefrom vitiates the proceeding. Dun. Dig. § 6308.

Section 9613, G. S. 1923, provides for a certificate of sale to be executed and delivered to the purchaser by the officer who made the sale, and directs that the certificate shall be recorded within 20 days after the sale and, when so recorded, upon the expiration of the time for redemption, it shall operate as a conveyance to the purchaser or his assigns, of all the right, title and interest of the mortgagor, as of the date of the mortgage.

In Ryder v. Hulett, 44 Minn. 353, 46 N. W. 559, it was held that the recording of the certificate some 10 months after the sale satisfied the requirements of the statute, but in that case the statute in

force at the time of the foreclosure did not fix the time within which the certificate should be recorded.

Since the statute has been in its present form, the legislature has passed numerous curative acts giving to certificates recorded more than 20 days after the sale the same force and effect they would have had if recorded within the time prescribed. This fact indicates that the legislature doubted the validity of a foreclosure not completed by the record of the certificate as directed by the statute.

It is true that the opinion in Larocque v. Chapel, 63 Minn. 517, 65 N. W. 941, intimated that the statute may be merely directory as to time, but the point was not decided, nor was it decided in Rambeck v. La Bree, 156 Minn. 310, 194 N. W. 643.

We agree with the trial court that one purpose of the statute is to bring notice to those whose interests may be affected by the foreclosure. The liens of all the judgment creditors are affected here, hence the creditors would have been necessary parties if the mortgage had been foreclosed by action and, if any one of them had not been joined, his right of redemption would not be barred. 2 Jones, Mort. (7th ed.) § 1436; Rogers v. Holyoke, 14 Minn. 158 (220); Whalley v. Eldridge, 24 Minn. 358; Foster v. Johnson, 44 Minn. 290, 46 N. W. 350.

When a mortgage is foreclosed by advertisement, notice of the foreclosure is given to a junior lienholder only by publication. He may exercise his right to redeem at any time within a year from the date of the sale, but until the sheriff's certificate is recorded he does not know whether the property was sold and, if it was, by whom it was purchased, or what amount was paid. In Smith v. Buse, 35 Minn. 234, 28 N. W. 220, this was said: "To a recorded certificate a party entitled to redeem must look to ascertain when to redeem and how much he must pay for the purpose." It would seem, therefore, that the certificate should be recorded within the time prescribed to protect the right of redemption of persons who have liens subsequent to the lien of the mortgage, and that, unless it is so recorded, their liens are not extinguished.

In several cases it has been said that, when a mortgage is foreclosed by advertisement, the foreclosure sale is not complete until

the certificate is executed, acknowledged and recorded; that this is the last step in the process of foreclosure; that it is an essential part of the sale and that, if the certificate is not recorded, the mortgagee may foreclose again, subject to the right of the mortgagor or owner of the property to adopt the defective and incomplete proceeding as valid and effectual. Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436; Larocque v. Chapel, supra; Lindgren v. Lindgren, 73 Minn. 90, 75 N. W. 1034. If appellant did adopt the defective and incomplete foreclosure as valid and effectual when it gave notice of its intention to redeem, what rights would it have obtained if it had redeemed? The answer is found in section 9630, G. S. 1923: It would have succeeded to the rights acquired by respondent under the sale, subject to the exercise by the other judgment creditors of their right to redeem. Unless they had notice, or were charged with notice of the facts known to appellant, and waived their right to insist upon a compliance with the statute, their liens have not been extinguished and they are not barred from asserting them. Some one must bring an action to bar them and clear the title now clouded by the liens.

A creditor who redeems ought to obtain title to the property free from liens which would have been extinguished if the proceedings had been regular. This is a practical consideration to be taken into account in applying section 9613 to the facts in the present case. To hold that by its acts appellant waived its right to attack the foreclosure or question the validity of the proceedings, would be an unwarranted extension of the doctrine of waiver. Respondent's failure to observe section 9613 placed appellant in a dilemma. If it elected to redeem, it would take the title subject to the liens of the other judgment creditors. If it elected not to redeem, and respondent's contention is sound, it would be precluded from questioning the validity of the foreclosure. The purchaser at a foreclosure sale should not be permitted to create such a situation by his disregard of the statute. The case is one for the application of the general rule that a foreclosure by virtue of a power of sale is not valid unless there has been an observance of all statutory re-

quirements calculated to protect the interests of the party whose rights are affected; that the omission of any required act prejudicial to a party in interest will render the attempted foreclosure ineffectual; and that, although mere irregularities do not avoid the sale unless the statute so provides, nevertheless it may be avoided if the irregularities operate to prejudice the rights of a party in interest. Holmes v. Crummett, 30 Minn. 23, 13 N. W. 924; Bottineau v. Aetna Life Ins. Co. 31 Minn. 125, 16 N. W. 849.

If the respondent and the appellant, and no one else, had interests which would be affected, the decision of the trial court might be sustained, but, under the circumstances of this case, it must be held that appellant did not waive compliance with the requirement of the statute in the particular mentioned and may insist that respondent's failure to comply therewith invalidated the foreclosure.

Order reversed.