ALONZO M. JOHNSON and Another v. NORTHWESTERN LOAN AND BUILDING ASSOCIATION.[1]

. March 13, 1895.

No. 9071.

**Foreclosure of Mortgage—Affidavit of Disbursements.**

*Held*, that the provisions of G. S. 1894, § 6051, which requires a party foreclosing a mortgage, or his attorney, to make and file within 10 days thereafter an affidavit of the amount paid or incurred for attorney's fees and disbursements, are mandatory.

**Same.**

*Held* that, if such affidavit is not made and filed within the 10 days, the party foreclosing a mortgage by advertisement is not entitled to retain from the amount for which the mortgaged premises sold any sum for attorney's fees and disbursements.

Action in the district court for Hennepin county to recover under the statute three times $99.25, the amount of excess of proceeds of a certain sale upon foreclosure of mortgage over the amount due defendant upon the mortgage. The court, Elliott, J., found that defendant wrongfully retained $11.50 of the proceeds of the sale, and plaintiffs were therefore entitled to recover from defendant the sum of $34.50. Plaintiffs' motion to have the conclusions of law restated was denied, and from judgment in their favor for $34.50 plaintiffs appealed. Modified.

*Smith, Pulliam & Smith*, for appellants.

The statute concerning foreclosure must be strictly complied with. Spencer v. Annan, 4 Minn. 426 (542). The costs must be stated in the notice of foreclosure. Hanson v. Dunton, 35 Minn. 189, 28 N. W. 221; Dick v. Moon, 26 Minn. 309, 4 N. W. 39. G. S. 1894, § 6051, providing a manner of taxing costs, is a statute of limitations; and, if the costs are not taxed within the time fixed, they are waived. Osborne v. Paulson, 37 Minn. 46, 33 N. W. 12; Crocker v. Currier, 65 Wis. 662, 27 N. W. 825; Fox River F. & P. Co. v. Kelly, 70 Wis. 305, 35 N. W. 542; Johnson v. Day, 2 N. D. 295, 50 N. W. 701. Under G.

[1] Reported in 62 N. W. 381.

S. 1894, § 5505, costs cannot be taxed in civil actions before affidavit is made. Merriman v. Bowen, 35 Minn. 297, 28 N. W. 921; Andrews v. Cressy, 2 Minn. 55 (67); Bayard v. Klinge, 16 Minn., at page 221 (249). The presumption is that statutes are mandatory. Suth. St. Const. §§ 454-459; Koch v. Bridges, 45 Miss. 247. Statutes affecting the rights of the public and of third persons are always mandatory. Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, and 18 N. W. 96; Fowler v. Pirkins, 77 Ill. 271. All provisions of a statute, on their face entirely permissory or directory, are intended to be obeyed. Cooley, Tax'n, 212. That this statute was intended to be mandatory, and was so considered, is shown by subsequent curative acts. G. S. 1894, §§ 7626-7628.

*Cross, Carleton & Cross,* and *John D. Van Norman,* for respondent.

START, C. J. The respondent, on April 1, 1893, foreclosed by advertisement its mortgage, made by the appellants, which was a lien on their real estate. It retained from the proceeds of the sale of the mortgaged premises, for attorney's fees, as. stipulated in the mortgage, $50; for printer's fees, $23; and for other necessary disbursements, $6.75,—all of which it actually paid or incurred, as the expenses of such foreclosure, except that it paid $11.50 only for printer's fees. No affidavit of the amount actually paid or incurred for attorney's fees and disbursements on such foreclosure was ever made or filed, as required by law or otherwise, until after the commencement of this action, which was brought to recover three times the amount so retained. The affidavit was made and filed March 26, 1894. The appellants had judgment in the district court for $34.50, three times the amount retained for printer's fees and not paid. From this judgment they appealed.

A failure to file the affidavit does not affect the validity of the sale, as it is no part of the sale proceedings. Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436. But how, if at all, does it affect the right of the mortgagee to retain from the. proceeds of the sale any sum, by way of indemnity, for attorney's fees and disbursements? This is the question presented by the record for our decison. Its answer depends upon the construction to be given to G. S. 1894, § 6051, which provides that, within 10 days after foreclosure of any mort-

gage by advertisement, the party foreclosing, or his attorney, shall make and file for record, with the register of deeds, an affidavit of the amount absolutely and unconditionally paid or incurred for disbursements, including attorney's fees, and included in such foreclosure. Is this statute to be construed simply as directory,—that is, as good advice to the party foreclosing a mortgage, which he may disregard at his pleasure, and still retain from the proceeds of the mortgage sale attorney's fees and disbursements paid,—or as mandatory, requiring compliance with its provisions as a condition to the exercise of a party's right to indemnify himself out of the proceeds of the sale for the amount paid for attorney's fees and disbursements? We are of the opinion that it must be construed as mandatory. The time within which an act is required to be done by a statute is ordinarily directory, but, if the limitation of time is essential for the protection of private rights, it is mandatory, for the requirement of a statute cannot be dispensed with as directory where the omission to comply might work injury to the rights of any party affected by it. Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, and 18 N. W. 96. The object of the statute under consideration is twofold: (1) To prevent the party foreclosing a mortgage from oppressing and defrauding the mortgagor, by paying for attorney's fees and disbursements on the foreclosure one price, and retaining a greater sum for his own benefit from the proceeds of the sale. It secures this result by requiring the party to establish prima facie by the affidavit the actual sum paid for fees and disbursements. The sale proceedings on a foreclosure by advertisement and the distribution of the fund arising therefrom are not under the direction and control of the court, as is the case in a foreclosure by action; hence the statute wisely provides that the mortgagee shall, before appropriating any part of the trust fund arising from the sale to his own indemnity for attorney's fees and disbursements paid, establish his prima facie right so to do by filing the affidavit. (2) To furnish the mortgagor accurate and easily accessible evidence of the amount retained, so that he may know how much has been applied in payment of his debt, in cases where the premises sell for less than the amount due on the mortgage; also, to enable him to determine intelligently whether or not he has a cause of action under the provisions of G. S. 1894, § 6052, which action must be brought within

one year after foreclosure. Now, all the just purposes of this statute would be nullified, and the rights of the mortgagor, which it was intended to protect, would be practically defeated, if the requirement that the affidavit must be filed within ten days after the foreclosure is held to be simply directory. If the party may delay the making and filing of the affidavit until within five days of the expiration of the year allowed for redemption, as was done in this case, he may delay the matter until five days after the year has expired, when the mortgagor's cause of action under section 6052 is barred. He may pay one sum for attorney's fees and disbursements, and retain a greater sum for his own benefit; omit to make and file any affidavit at any time, unless he is sued by the mortgagor; then pay the full amount so retained, file the affidavit, and defeat the action. It is only by holding the requirement of the statute mandatory that the manifest object of its enactment can be conserved.

It is true, as claimed by respondent, that the right of a mortgagee to attorney's fees is a contract right, but the contract was made subject to the statute with reference to the payment of such fees on the foreclosure of mortgages. The respondent has the contract right to retain from the proceeds of the sale of the mortgaged premises attorney's fees and disbursements paid or incurred, provided it first proves the fact of such payment by affidavit filed within the time required by the statute, otherwise not. The respondent failed to file the necessary affidavit in this case, and it follows that, after the expiration of the time limited for the making of such proof, it held the amount included for attorney's fees and disbursements in the sum for which the mortgaged premises sold, as surplus for the appellants, which they are entitled to recover. They are not, however, entitled to recover three times the amount of this surplus, because G. S. 1894, § 6052, has reference only to the amount retained, and not actually paid or incurred, by the party foreclosing, which is not this case, except as to the $11.50 retained for printer's fees in excess of the amount actually paid.

The appellants, then, are entitled to recover $34.50, and $68.25 surplus, in all the sum of $102.75; and the cause is remanded to the district court of Hennepin county, with the direction to so modify the judgment. It is so ordered.