GUSTAV ELIASON v. HENRY G. SIDLE and Others.[1]

June 7, 1895.

Nos. 9298—(208).

### Mortgage Foreclosure—Attorney's Fees.

A mortgage upon a number of lots, so made as to amount to a separate and distinct mortgage on each lot to secure the payment of a separate and distinct sum of money, contained a stipulation that, in case default was made as to payment on any one lot, foreclosure might be had agreeably to the statute, and out of the proceeds of the sale the mortgagee might "retain all costs and charges, including $25 attorney's fees, for foreclosing the mortgage in each and every such case." *Held*, that for a single foreclosure, although against a number of lots, the attorney's fee properly chargeable was $25, and no more.

### Same—Recovery of Excessive Attorney's Fees.

One of the mortgagees had died, and the foreclosure proceedings were conducted in the name of the surviving mortgagee.and the executors of the last will and testament of the deceased. An attorney's fee of $25 was claimed for each lot in the notice of sale, and all were bid in at the sale, for amounts which included the amount of the excessive attorney's fees, by such survivor and by the executors in their trust capacity, and the sheriff's certificate was so made out and recorded. There was no redemption, and the title passed to the purchasers. *Held*, that the owner of the lots, at the expiration of the year of redemption, could maintain an action against the surviving mortgagee and the executors, as such, as for money had and received, to recover the amount of the excessive attorney's fees.

### Same.

An exclusive remedy in such a case is not furnished by G. S. 1894, § 6052.

Action in the district court for Hennepin county by Gustav Eliason against Henry G. Sidle and others. The complaint contained three causes of action, each seeking to recover for an excessive amount of attorney's fees charged and retained by defendants out of the proceeds of the foreclosure sale of certain lots, the ownership of which at the date of the sale was in plaintiff, subject to the mortgages which defendants foreclosed. The other facts constituting plaintiff's causes of action are stated in the opinion. From an

---

[1] Reported in 63 N. W. 730.

order, Russell, J., overruling demurrers of defendants to the complaint, they appealed. Affirmed.

*Lawrence, Truesdale & Corriston*, for appellants.

*Smith, Pulliam & Smith*, for respondent.

COLLINS, J. 1. The primary question in this case is whether, under the terms of the mortgages, alike in form, the attorney's fees were to be $25 for each foreclosure, and without regard to the number of lots embraced in such proceedings, or the fees were to be $25 for each lot, whether one or many were included in the foreclosure proceedings. There were three mortgages, each upon a number of lots, and each with a provision that in case of default in payment the mortgage might be foreclosed agreeably to the statute, and out of the moneys arising from the sale the mortgagee might "retain the principal and interest then accrued on the sum or sums so elected to be foreclosed for, together with all costs and charges, including twenty-five ($25) dollars attorney's fees for foreclosing the mortgage in each and every such case." Admitting that each of these three mortgages amounted to a separate and distinct mortgage on each lot mentioned therein to secure separate and distinct sums of money as specified, as was held in respect to the mortgage considered in Hull v. King, 38 Minn. 349, 37 N. W. 792, it does not follow that when the mortgage was foreclosed as to a number of lots an attorney's fee of $25 for each could be charged up and included among the proper costs and charges. We think the language used is capable of but one construction, which is that the amount of attorney's fees to be properly charged was made dependent or contingent on the number of foreclosures which became necessary, and not, as claimed by counsel for appellants, on the number of lots against which the mortgagee was compelled to proceed. If we adopt the latter view, one of the mortgages, by which 28 lots were mortgaged to secure the principal sum of $4,600, provided for an attorney's fee of $700; another, 27 lots, mortgaged for $3,500, for a fee of $675; and the other, 16 lots, mortgaged for $1,325, for a fee of $400,—in case there was a single foreclosure of each mortgage as to all of the lots embraced in each. That such was the intention of the parties seems beyond belief, and that such enormous and outrageous fees ought not to be allowed goes without saying.

If the clause heretofore quoted from the mortgage could be so interpreted, it would be a most palpable evasion of the law regulating attorney's fees for the foreclosure of mortgages. G. S. 1894, § 6074. And in this connection see Campbell v. Worman, 58 Minn. 561, 60 N. W. 668; Morse v. Home S. & L. Assn., 60 Minn. 316, 62 N. W. 112.

2. Fagan v. People's S. & L. Assn., 55 Minn. 437, 57 N. W. 142, disposes of the contention that an action will not lie against a mortgagee purchaser at a foreclosure sale to recover an alleged surplus or excess arising out of such sale, and it also disposes of the further contention that an action of this kind cannot be maintained because the plaintiff, owner of the premises when the sales were made upon notices in which it appeared that the mortgagees were claiming excessive attorney's fees, did not object or complain at that time or within the period prescribed for redemption.

3. The point is made that this action will not lie because an exclusive remedy is furnished by G. S. 1894, § 6052. There is nothing in this. The plaintiff's right pre-existed the statute, which simply gave a new remedy, and inflicted treble damages as a penalty.

4. Prior to the foreclosure, one of the mortgagees died, and thereupon the duly-appointed and acting executors of his last will and testament joined with the surviving mortgagee in all foreclosure proceedings, including the purchases at the sales. This was authorized by G. S. 1894, §§ 4502, 4503. The sheriff's certificates of sale were made out and delivered in accordance with the facts, the purchasers named being the executors, as such, and the surviving mortgagee. The estate then had and received the benefit of the purchases and the benefit of the unauthorized acts in foreclosing. When the year of redemption expired, the title in fee to the property passed to the estate. It has received and retained the rights which accrued by reason of excessive charges for attorney's fees,—and herein is the distinction between this case and that of Fritz v. McGill, 31 Minn. 536, 18 N. W. 753,—and is bound by these acts.

Order affirmed.

MITCHELL, J. I concur in the result, but I do so, as to the last point, on the ground that the executors are liable individually and out of their own estates; and the facts that in foreclosing the

mortgage and bidding in the property they assumed to act as executors, and that they are so described in the title of the action, are not material. I am not prepared to say that, upon the facts stated in the complaint, the plaintiff would be entitled to a judgment to be satisfied out of the property of the testator; but it is not necessary to decide that question.