ALICE M. BROWN v. SCANDIA BUILDING & LOAN ASSOCIATION.[1]

July 2, 1895.

Nos. 9398—(225).

Mortgage Foreclosure—Affidavit of Costs.

Johnson v. Northwestern B. & L. Assn., 60 Minn. 393, 62 N. W. 381, followed on the point that the provisions of G. S. 1894, § 6051, are mandatory, and that if the party foreclosing his mortgage fails, within 10 days after the foreclosure, to file an affidavit of the costs and disbursements incurred in the foreclosure, he is not entitled to such costs or disbursements, and cannot retain them out of the proceeds of the sale.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., sustaining a demurrer to the complaint. Reversed.

*Eckman & Stevenson*, for appellant.

*Eric L. Winje*, for respondent.

CANTY, J. The complaint in this action alleges that defendant held a mortgage on the real estate of the plaintiff, and foreclosed the same under and by virtue of the statute and the power contained in the mortgage; that the foreclosure sale took place on February 25, 1893, and that the total amount then due on the mortgage did not exceed the sum of $1,044.84; that defendant was the highest bidder, and purchased said real estate at such sale for the sum of $1,126.19; that no part of the same was ever paid to the sheriff; and that there remains in the hands of the defendant, as surplus, the sum of $81.84, for which judgment is demanded. It is also alleged in the complaint: "(8) That defendant failed and neglected to file for record in the office of the said register of deeds any affidavit of costs and disbursements within ten (10) days after said sale, as is by statute provided in case of foreclosure of mort-

[1] Reported in 63 N. W. 1040.

gages by advertisement." Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and from an order sustaining the demurrer plaintiff appeals.

In Johnson v. Northwestern B. & L. Assn., 60 Minn. 393, 62 N. W. 381, we held that the provisions of G. S. 1894, § 6051, are mandatory, and that if the party foreclosing his mortgage fails to file, within 10 days after the foreclosure, an affidavit of the costs and disbursements incurred in the foreclosure, he is not entitled to. such costs and disbursements, and cannot retain the same out of the proceeds of the sale. Applying this rule in the present case,. we must hold that all of the proceeds of the sale over and above the amount due on the mortgage is surplus which belongs to the plaintiff. It is contended by respondent that the eighth subdivision of the complaint above quoted does not sufficiently allege that no such affidavit was filed within the time prescribed by statute. We see no force in the contention. Plaintiff was required to plead a negative, and it seems to us that he has sufficiently alleged that defendant did not comply with the statute by filing such an affidavit within 10 days after the foreclosure was complete.

The order appealed from is reversed.