MARY A. BROWN v. BENJAMIN F. BAKER and Another.[1]

June 16, 1896.

Nos. 9874—(177).

**Mortgage Foreclosure—Affidavit of Costs—Time for Filing.**

*Held,* following Johnson v. Northwestern L. & B. Assn., 60 Minn. 393, that the provisions of G. S. 1894, § 6051, which require a party foreclosing a mortgage, or his attorney, to make and file, within ten days thereafter, an affidavit of the amount paid or incurred for attorney's fees and disbursements, are mandatory.

**Same—Action to Recover Costs—Limitation.**

The mortgagor is not limited to a time within one year in which he may bring an action to recover from the owner of the mortgage the costs, disbursements, and attorney's fees included in the mortgage foreclosure sale, where an affidavit, as provided in G. S. 1894, § 6051, is not filed. The one-year limitation, under section 6052 of said statute, is only applicable where the mortgagor seeks, in his complaint, to recover the penalties embraced in said section.

Appeal by defendants from an order of the district court for Hennepin county, Russell, J., sustaining a demurrer to parts of the answer. Affirmed.

[1] Reported in 67 N. W. 793.

*S. A. Reed* and *Young & Lightner*, for appellants.
*Smith, Pulliam & Smith*, for respondent.

BUCK, J.    In 1891 the plaintiff mortgaged to defendants certain land in the city of Minneapolis.    The mortgage contained the usual power of sale and on default was foreclosed by advertisement.    The sale took place August 30, 1893, the defendants being the purchasers. The price bid was $8,810.    The amount then due for principal and interest was $8,576.61.    The residue of the bid was the amount of expenses of sale, viz. $200 attorney's fees, and other expenses, to the amount of $33.39,—in all $233.39.    No affidavit of disbursements was ever filed.    The plaintiff brought this action, in August, 1895, in the district court for Hennepin county, to recover the sum of $238.39, on the sole ground of the omission to file the affidavit required by G. S. 1894, § 6051.    The defendants answered and pleaded the one-year statute of limitations, found in G. S. 1894, § 6052, and also that said section 6051 is in violation of the federal constitution, as impairing the contract contained in the mortgage.    The plaintiff demurred to each of the defenses, the demurrer was sustained by the trial court, and the defendants bring this appeal.

The appellants did not press the constitutional question, either in their brief or oral argument, but attacked the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.    This they had a right to do, upon the ground that the first defective pleading can be reached upon such a demurrer.    But we do not feel that it is our duty to review the question of whether said section 6051 is mandatory as to filing an affidavit within ten days after foreclosure sale.    It was so held in this court in Johnson v. Northwestern L. & B. Assn., 60 Minn. 393, 62 N. W. 381, and in Brown v. Scandia B. & L. Assn., 61 Minn. 527, 63 N. W. 1040, and in Larocque v. Chapel, 63 Minn. 517, 65 N. W. 941.

Appellants also contend that the one-year limitation in which actions of this character are brought should apply, and cite G. S. 1894, § 6052.    They cite no authorities in support of this contention.    This question was raised, and briefly discussed, and quite as briefly disposed of, in Eliason v. Sidle, 61 Minn. 285, 63 N. W. 730, against the contention of these appellants.    This action is not brought under section 6052.    No penalty is claimed in the complaint.    This

section authorizes an action to be brought, at any time within a year after foreclosure, to recover of the owner three times the amount of any costs or disbursements not absolutely paid for the foreclosure, and three times the amount of any bonuses or interest, over twelve per cent., embraced in the foreclosure, and for which the property was sold, unless such overplus has been paid to the mortgagor or his assigns. In Eliason v. Sidle, supra, it was held that the right to bring an action of this character pre-existed the statute, and that section 6052 gave a new remedy. We are of the opinion that the mortgagor is not limited to a time, within one year, in which he may bring an action to recover from the owners of the mortgage the costs, disbursements, and attorney fees included in the mortgage sale, where an affidavit, as provided in G. S. 1894, § 6051, is not filed. The one-year limitation under section 6052 of said statute is only applicable where the mortgagor ,seeks in his complaint to recover the penalties embraced in said section.

Order sustaining demurrer affirmed.