LAURA V. TRUESDALE v. HENRY G. SIDLE and Others.[1]

June 26, 1896.

Nos. 10,118—(310).

**Mistake of Law—Equitable Relief.**

It is only in special cases that equity will relieve a party from the consequences of a pure mistake of law. It will not do so when the opposite party is blameless in the premises, and the parties cannot be replaced in their former positions.

**Foreclosure—Action by Mortgagor for Surplus—Equitable Defense.**

The defendants foreclosed by advertisement two mortgages on certain lots of the plaintiff, and were the purchasers at the sale, and included in

[1] Reported in 67 N. W. 1004.

their bid attorney's fees, which they believed to be authorized by the terms of the mortgages, but which clearly were not. No redemption was made, and the plaintiff brought this action to recover the amount of such attorney's fees, as a part of the surplus. The lots depreciated in value one-half between the time of the sale and the beginning of the action. *Held*, that the defendants were not entitled to have the foreclosure sale set aside and a resale ordered, or to defeat the action by tendering a deed of the lots upon being paid the amount due on the mortgages.

Action in the district court for Hennepin county against Henry G. Sidle, and Charles K. Sidle and others, as executors of the last will and testament of Jacob K. Sidle. The mortgages referred to in the opinion were foreclosed and bid in by said Henry G. Sidle and said executors. The notice of foreclosure sale in each case stated that the premises would be sold to pay the mortgage debt, interest thereon, and $25 attorney's fees upon each lot and costs and disbursements. By the terms of the mortgages the mortgagees had the right to pay taxes and include the amount paid as part of the debt upon foreclosure. After the foreclosure sale defendants paid certain taxes for 1889, 1890 and 1891. From an order, Russell, J., denying a motion for a new trial, defendants appealed. Affirmed.

*James W. Lawrence*, for appellants.
*Smith, Pulliam & Smith*, for respondent.

START, C. J. The plaintiff on April 4, 1892, was the owner of certain lots in Sidle Park addition to Minneapolis, which were subject to two mortgages to Henry G. Sidle and Jacob K. Sidle. These mortgages, in their terms as to attorney's fees, are similar to those construed by this court in the case of Eliason v. Sidle, 61 Minn. 285, 63 N. W. 730. In fact, they are a part of the same mortgages referred to in that case. The defendants, on the day named, as owners of the mortgages here in question, bid in the lots on a foreclosure sale thereof by advertisement for the full amount secured by the mortgages. In such proceedings they also included in their bid $25 as attorney's fees upon each and every lot sold under the same notice, also printer's fees at the legal rate, when in fact they paid only one-half of that amount. The defendants paid no part of their bid to the sheriff, except his fees. No redemption was made from such foreclosure, and this action was brought to recover the surplus remaining in the hands of the defendants after satisfying the amount

secured by the mortgages on the plaintiff's lots, and all legal attorney's fees and costs. The trial court found such surplus to ·be $161.66, and ordered judgment for the plaintiff for that amount, with interest. The defendants appeal from an order denying their motion for a new trial.

The defendants concede that they were not entitled to $25 attorney's fees on each lot sold, and that, unless they "are entitled to the equitable relief asked in the answer, plaintiff is entitled to the judgment ordered by the court below." The relief claimed was that the foreclosure sale be set aside, and a new sale directed, or that the defendants be permitted to deed the lots to the plaintiff upon being paid, within a reasonable time, the actual amount due on the mortgages. It is claimed, as a basis for this relief, that the attorneys foreclosing the mortgages were honestly and excusably mistaken in believing that the charges made for attorney's fees were legal, and that otherwise the amount thereof would not have been included in the purchase price bid at the foreclosure sale. In other words, the claim is, not that any mistake was made as to the amount of the bid, but as to the legal effect of the mortgage. If the defendants had understood at the time that they could not retain from the proceeds of the sale the excessive attorney's fees, they would not have included the amount in the bid. The mistake, then, was one of law, or, as in effect found by the trial court, the defendants, at the time of the sale, knew all of the facts connected with the mortgages and the foreclosure, and made no mistake with reference thereto. In estimating the amount of the attorney's fees due under the mortgages, they placed an unauthorized construction on the statute and the terms of the mortgages. There was no mistake of fact, but one of law only.

It is settled in this state that in special cases the court will relieve a party from the consequences of his mistakes of law. If nothing more than a bare mistake of law be shown, the relief will rarely, if ever, be granted. But where it further appears that a party is availing himself of the mistake to enforce an unconscionable advantage, without consideration, and the opposite party is without blame in the premises, and the parties can be replaced, respectively; in their former positions, equity will interfere to relieve from such mistake of law. Benson v. Markoe, 37 Minn. 30, 33 N. W. 38; Lane

v. Holmes, 55 Minn. 379, 57 N. W. 132. Now, assuming that the defendants made their bids at the mortgage sales in the honest belief that the amounts bid were due and legally chargeable against the lots—a fact which the court declined to find,—still the defendants' case does not come within the rule entitling a party to relief from mistakes of law.

In addition to the facts already referred to, the trial court found that the plaintiff's lots, at the time of the sale, were of no greater value than $125 each, and the average amount due on them, by the terms of the mortgage, was $140 on each lot; that since the sale the value of the lots has decreased, and at the time of the commencement of this action, and ever since, their value has not exceeded $60 each. The defendants could not, by deeding the lots to the plaintiff, as they offered to do on the trial, on being paid the amount due on the mortgages, place the plaintiff in her former position before the foreclosure; for the lots they proposed to return to her were worth less than 50 per cent. what they were worth three years and some months before, when they purchased them at the sale. Not only this, but her debt, which was satisfied by the sale, would be revived, and increased by more than three years' interest, by canceling the foreclosure proceedings. In the meantime the defendants have held the lots, and if they had increased in value 50 per cent. the defendants would have had the benefit of the gain. It would be inequitable to permit them now to rescind the sale; especially so as the plaintiff never did anything to induce them to include the excessive attorney's fees in their bid; also, in view of the fact that the attorney's fees charged were so excessive and manifestly illegal as to suggest that, if the defendants' attorneys were honestly of the opinion that they were legal, their judgments were warped by their interests. See Eliason v. Sidle, 61 Minn. 285, 63 N. W. 730, as to the amount and character of such attorney's fees.

The trial court did not err in denying the defendants the relief claimed in their answer.

The defendants also claim that they are not jointly liable for the surplus, and that the estate of Jacob K. Sidle is not bound. These questions are settled by Eliason v. Sidle, supra.

The further claim is made that the surplus belongs to the second mortgagee. No such claim is made by the answer, and the second

mortgagee has made no claim to the surplus. If the defendants had been of the opinion that the plaintiff was not the real or only party in interest, they could have had the second mortgagee made a party.

The defendants did not have the right to offset, against the surplus, taxes paid by them on the lots after the foreclosure of the mortgage. The notice of the sale, and the circumstances of the payment of the taxes, in this case, differ radically from those in the case of Gorham v. National Life Ins. Co., 62 Minn. 327, 64 N. W. 906.

Order affirmed.