W. M. BABCOCK v. AMERICAN SAVINGS & LOAN ASSOCIATION.[1]

January 12, 1897.

Nos. 10,194—(193).

Foreclosure Sale—Right to Surplus—Mistake of Law—Equitable Relief.
 Maudlin v. American S. & L. Assn., 63 Minn. 358, and Truesdale v. Sidle, 65 Minn. 315, followed.

Action in the district court for Hennepin county to recover a surplus arising on a foreclosure sale. The case was tried before Belden, J., without a jury, who found, among other things, that defendant bid in the property for $13,307.90, which was $2,687.97 in excess of the amount due, and that the property was worth at the time of sale $9,880. From a judgment in favor of plaintiff defendant appealed. Affirmed.

*Eugene G. Hay* and *Chas. M. Cooley*, for appellant.
*Jones & Babcock* and *John B. Atwater*, for respondent.

[1] Reported in 69 N. W. 718.

BUCK, J. 1. The plaintiff, as assignee of Ole Dahl and Mary Dahl, brought this suit to recover of the defendant an alleged surplus bid by it on the foreclosure of a certain mortgage given to it by said Dahls.

We are of the opinion that the first branch of this case is governed by that of Maudlin v. American S. & L. Assn., 63 Minn. 358, 65 N. W. 645. Appellant's counsel contends that the Maudlin case differs from the case at bar in this: that it was there practically admitted that the property was worth the full amount bid, while in this case the court has found that, notwithstanding the amount bid, the value of the property was actually less than the amount due on the mortgage at the date of foreclosure. Conceding the facts in that case to be as stated by counsel, there was not such a substantial difference as to justify a different conclusion upon the facts from the case under consideration.

The mortgagee or party bidding does so at his peril. If he bids more than the amount due, including expense of sale, he must answer for the surplus, whether the property is really worth more or less than the amount due or the sum bid. The test is, not the value of the property, but the amount bid. If the purchaser bids the exact amount due and expenses, that is the end of the matter, except the right of redemption in accordance with the provisions of the statute. The amount bid is not compulsory, but optional, and the purchaser bids the amount at his own risk. If, each time a bid is made in excess of the actual amount due, a defense can be successfully interposed against recovering the surplus, upon the ground that the property was of less value than the amount due or the amount bid, there might be endless and vexatious litigation upon the question of the value of the property. A mortgagee ought to know the amount legally due on his mortgage, and if, on foreclosure, he bids in excess of this amount, he must abide the consequences. In this case the defendant received a warning and advice from a respectable attorney that the bid it contemplated making was in excess of the amount legally and actually due, and, while it also received advice from other attorneys to the contrary, we perceive no grounds for relief from its bid in excess of the amount due on the mortgage.

2. The appellant further contends that it is entitled to relief up-

on equitable principles, which the court below had a right to apply in its determination of the question in issue, and which this court should determine in the exercise of its appellate jurisdiction. This branch of the case, we think, is controlled by that of Truesdale v. Sidle, 65 Minn. 315, 67 N. W. 1004. The plaintiff was entirely blameless in the matter, and there was no mistake of facts. The method of foreclosure was deliberately adopted, and the mistake one of law, pure and simple. The result of this litigation may be a hardship for the defendant, but it alone is to blame.

Judgment affirmed.