JOHN W. CLARK v. GAAR, SCOTT & COMPANY.

January 18, 1900.

Nos. 11,926—(191).

**Sale of Machinery upon Commission.**

The defendant entered into a contract with the plaintiff and his partner, to whose interest the plaintiff has succeeded, whereby it agreed to pay them for a sale by them, as its agents, of certain machinery, 20 per cent. commission on the purchase price thereof. The notes of the purchaser, secured by a chattel mortgage, were given to the defendant for such purchase price. The commission was "payable as the notes are paid." A payment of $510.25 was made on the notes. Thereafter the defendant foreclosed the mortgage, and purchased the property at the foreclosure sale for the sum of $1,250 net,—a sum less than the amount due on the notes. The plaintiff brought this action to recover a commission on the total amount of such payments. *Held*:

**Foreclosure of Chattel Mortgage—Commission upon Sum Bid.**

That, where a mortgagee is a purchaser of the mortgaged property at a foreclosure sale, the amount of the purchase price, as determined by his bid, if not paid over to the officer making the sale, is in legal effect so much money in his hands to be applied to the payment of his debt, according to the terms of the mortgage.

**Commission on Payments upon Notes.**

That by the terms of the contract the plaintiff was entitled to a commission on all payments on the notes as they were made, although the notes were not thereby paid in full.

**Amount Due.**

That the plaintiff was entitled to recover his commission on the total amount of such payments, including the $1,250 realized on the foreclosure sale.

Action in the municipal court of Minneapolis to recover $352.05 with interest as commissions under a contract. The case was tried before Kerr, J., who found that plaintiff was entitled to recover $102.05 with interest; and from an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Lawrence & Robb,* for appellant.

*John M. Rees,* for respondent.

START, C. J.

The complaint alleges in effect that the firm of Clark & Lageson, of which plaintiff was a member, were employed by the defendant to sell for it a threshing-machine engine, separator, and stacker, for a commission of 20 per cent. of the money received on the sale of the engine and separator, as the same was paid, and 10 per cent. on the sale of the stacker, payable in the same manner; that the firm made the sale to John N. Hanson, and that the plaintiff has succeeded to all the rights of the firm in and to the contract; that the defendant received on the sale the following sums at the following times, to-wit: The sum of $125 on the stacker in the month of November, 1895, for which it paid the firm the sum of $12.50 commission, according to agreement; the sum of $510.25 during the fall of the year 1895, on the engine and separator; and the further sum of $1,250 on or about October 2, 1896. The prayer

of the complaint is judgment for $352.05, the commission on the sums so received by the defendant.

The answer contains a general denial, but admits and alleges that the firm rendered services for the defendant, in making sale of an engine and separator to John N. Hanson, from whom the defendant took a chattel mortgage on such machinery for the purchase price thereof; that the defendant foreclosed the mortgage, and purchased the property at a foreclosure sale thereof on October 2, 1896, for the sum of $1,250; that Hanson never paid any part of the purchase price of the machinery, except the sum of $510.25, paid between November 7, 1895, and January 1 following; that the services of the firm in the premises were fully settled and paid by certain commission certificates issued to them by the defendant, whereby the commission was not payable until the notes given for the purchase price of the machinery were paid in full; and that none of them have been so paid. The reply admits the giving of the chattel mortgage, its foreclosure, and the purchase of the property by the defendant for $1,250, and puts in issue the other allegations of the answer.

The trial court made its findings of fact and conclusions of law, and directed judgment for the plaintiff for $102.05, the commission on the payment of $510.25, and no more. The court did not find whether or not the commission certificates mentioned in the answer were given and accepted in payment of the services of the firm in selling its machinery, nor was the court requested to find on this issue. The plaintiff appealed from an order denying his motion for a new trial. His principal contention here is that the trial court erred in not allowing him a commission on the payment of $1,250 arising from the mortgage foreclosure sale.

The evidence was undisputed that the parties entered into a contract whereby the defendant promised to pay to the plaintiff's firm, for an acceptable order from John N. Hanson for the purchase of the machinery in question, 20 per cent. commission on the purchase price of the engine and separator, and 10 per cent. on the stacker, payable as the notes to be given for the purchase price were paid. The order was obtained, accepted, and the sale made. The purchaser did not make any cash payment at the time of the

sale, but gave promissory notes to defendant for the purchase price, as follows: Two for the stacker, for $125 each, due November 1, 1895, and three for the engine and separator, for $875, $625, and $750, respectively, due in the order named,—and secured the payment of the notes by a chattel mortgage to the defendant on the machinery. One of the $125 notes was paid, and the commission thereon. The sum of $510.25 was paid to the defendant on the other notes prior to January 1, 1896, and on October 2 thereafter, the balance due on the notes being unpaid, the defendant duly foreclosed the chattel mortgage, and at the foreclosure sale purchased the engine and separator for the sum of $1,250 net. Other than this, no payments have been made on the notes. The trial court found substantially the foregoing facts.

The evidence also shows that after the sale was made, and the notes and mortgage given, the defendant sent to the firm a commission certificate (so designated in the record), signed by it, for each note taken for the purchase price of the machinery, in which it was recited that the firm were entitled to a commission (stating the amount thereof) on the note of John N. Hanson (describing it), payable only when "said note has been paid in full"; and, further, that it was issued in accordance with the terms and conditions of the contract of agency between the parties. These certificates were received and retained by the firm, but the evidence is not conclusive, as defendant claims, that they were given and accepted in payment of the firm's services under the original contract.

As already suggested, the trial court made no finding on this issue. Therefore the question whether the trial court erred in rejecting the plaintiff's claim for a commission on the $1,250 must be determined by the contract of the parties as found by the trial court, without reference to the certificates. The record would indicate that the court disallowed the commission on the payment of $1,250, and allowed it on the payment of $510, for the reason that the latter was money received by the defendant on account of the sale, and the former was not. If a third party had purchased the property at the foreclosure sale, and the officer making the sale had paid the purchase price to the defendant, it would have been its duty to apply the amount so received in payment of the notes

pro tanto. It would in such a case have been a money payment. In principle and legal effect there is no difference between such a case and the one we are considering; for, where a mortgagee is the purchaser of the mortgaged property at a foreclosure sale, the amount of the purchase price, as determined by his bid, if not paid over to the officer making the sale, is in legal effect so much money in the hands of the mortgagee, to be applied to the payment of his debt according to the terms of the mortgage. See Eliason v. Sidle, 61 Minn. 285, 63 N. W. 730; Maudlin v. American S. & L. Assn., 63 Minn. 358, 65 N. W. 645; Truesdale v. Sidle, 65 Minn. 315, 67 N. W. 1004; Babcock v. American S. & L. Assn., 67 Minn. 151, 69 N. W. 718.

It follows that the plaintiff was entitled to recover the commission on the amount of the payment of $1,250, if he was upon the $510 payment. But counsel for defendant claims that he was not entitled to recover a commission on either amount. His contention is that the stipulation in the contract that the commission was "payable as the notes are paid" is to be construed as meaning that no part of the commission was due until one or more of the notes given for the purchase price of the machinery was paid in full, and that no one of them has been paid in full. The reasoning by which this conclusion is reached is substantially this: There is no evidence that the maker of the notes gave any direction as to the application of the payments; hence, the defendant had the right to make such application as would be most favorable to itself, and to apply the money in its hands as a partial payment on all of the notes, in such manner that no one of them would be paid in full.

Were the defendant's construction of the contract correct, it would have no right to so divide and apply the payments as claimed. Whatever may be the rights of the defendant, as between itself and the maker of the notes, as to the application of payments, it was bound, as to the plaintiff, to make an equitable application of them, and not an unreasonable and arbitrary one, in order to defeat the plaintiff's right to commission; otherwise, it might so apply payments that no more than six cents remained unpaid on any note, and still claim that the plaintiff was not entitled to anything. As between the parties hereto, the law will

apply the payments to the extinguishment of the notes as they became due, for the reason that such is the natural and equitable application. If the payments be so applied, all of the notes save the last one would be paid in full. Hence, upon the defendant's interpretation of the contract, and even conceding that the certificates were substituted for the original contract, the plaintiff is entitled to a commission on the major part of the payment of $1,250, and upon the whole of the payment of $510.25. But it is apparent that the construction which the defendant seeks to give to the contract is not the correct one. The words of the contract as to the amount of the commission and the manner of its payment are these:

"Twenty per cent. commission on the engine and separator, and ten per cent. on the  *  *  *  stacker, payable as the notes are paid."

That is, just as the notes are paid. If by partial payments, then the commission on the amount paid on the notes is due. This is the obvious meaning of the contract. If it had been the intention to postpone the payment of the whole of the commission until the notes were paid in full, as defendant claims, then the simple way of expressing such intention would have been to have used these words: "Payable when the notes have been paid in full,"—the language of the certificates. The plaintiff was entitled to recover a commission on the full amount of the payments made on the notes, including the one of $1,250, and the trial court erred in allowing the plaintiff a commission on the $510.25 only.

Order reversed, and a new trial granted.