ITASCA INVESTMENT COMPANY v. GEORGE H. DEAN.[1]

November 22, 1901.

Nos. 12,710—(117).

#### Surplus after Foreclosure Sale—Complaint.

In an action to recover a surplus in the hands of a mortgagee, arising on the foreclosure of a real-estate mortgage, by reason of his failure to file an affidavit of costs as required by G. S. 1894, § 6051, the complaint is construed, and held to state a cause of action.

#### Rights of Second Mortgagee.

Defendant pleaded in defense that the mortgaged property was covered by a second mortgage, which was unpaid and in full force and effect, and that the second mortgagee, and not the plaintiff, who has succeeded to the rights of the mortgagor, was entitled to the same. At the trial it was stipulated by plaintiff that the second mortgage was in fact executed, and was wholly unpaid. It is held, following

[1] Reported in 87 N. W. 1020.

Truesdale v. Sidle, 65 Minn. 315, that inasmuch as the second mortgagee was not a party to the action, and defendant made no effort to bring him in as such, that his rights with respect to the surplus might be litigated, the existence of the second mortgage was no defense to the action.

## Assignments of Error.

Other assignments of error considered and disposed of.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, entered pursuant to the findings and order of Jaggard, J. Affirmed.

*Stiles W. Burr*, for appellant.

*Smith & Smith*, for respondent.

BROWN, J.

This was an action to recover a surplus arising from the foreclosure of a real-estate mortgage. Plaintiff had judgment in the court below, and defendant appealed.

The facts are short: One Raffesberger was the owner of certain real estate in the city of St. Paul, and mortgaged the same to defendant, Dean, to secure the payment of an indebtedness due him. The mortgage was duly recorded, and subsequently foreclosed by advertisement, and the property bid in at the foreclosure sale by defendant for the amount due on the mortgage, together with the costs and expenses of foreclosure. Subsequent to the execution of the mortgage to defendant, Raffesberger executed and delivered a second mortgage to the Haupt Lumber Company, a corporation, to secure an indebtedness due it. At the time of the trial this second mortgage was in all things in full force and wholly unpaid. The surplus which this action was brought to recover represents the costs and disbursements incurred in the foreclosure proceedings, the right to retain which was forfeited by the mortgagee, defendant, by reason of his failure to file the proper affidavit as required by G. S. 1894, § 6051. The plaintiff in this action has succeeded to the rights of the mortgagor. Defendant interposed as a defense the existence of the second mortgage, and the fact that it is wholly unpaid, the allegations with reference to which plaintiff admitted to be true on

the trial of the action, and the court found the fact accordingly.

The first point made by appellant is that the complaint fails to state a cause of action; it being urged in this behalf that there is no allegation that the first mortgage was duly foreclosed, nor any allegation equivalent thereto.  The validity of the foreclosure proceedings is not challenged by plaintiff.   Its action rests on the assumption that the foreclosure was valid, and defendant offers no suggestion to the contrary. ` Though there is no allegation in the complaint that the mortgage was "duly foreclosed," in view of the fact that plaintiff's action affirms the validity, and defendant pleads no facts showing the contrary, the absence of this particular allegation, which is a mere conclusion of law, is not important.   The other allegations detailing the steps taken in the foreclosure proceedings sufficiently show the regularity thereof, and the objection to the complaint is not well taken.

It is next contended that the allegations of the complaint do not show a surplus in the hands of defendant.   The notice of foreclosure stated that there was due on the mortgage at the date thereof the sum of $2,235.19, and the complaint alleges that defendant bid in the property at the sale for the sum of $2,366.89. The amount claimed to be due by the notice of foreclosure must be taken and construed as the whole amount due at the date thereof, including principal and interest.   The property was bid in by defendant for $2,366.89, and this shows a surplus in defendant's hands of the sum of $131.70.   Computing the highest legal rate of interest on the total amount due on the mortgage as stated in the notice of sale, from the date thereof to the date of the sale, about fifty-three days, there would still remain in defendant's hands the sum of $108.99; and this is a trifle more than the court below found against him.  So the complaint, fairly construed, conclusively shows a surplus in the hands of defendant.

But there is no necessity of dwelling upon this point.   The action is one to recover (and the record conclusively shows it) the costs and disbursements incurred on the foreclosure, which defendant forfeited the right to retain because of his failure to file the proper affidavit.   Where the costs of foreclosure are included in the amount bid for the property at the sale, and no

affidavit thereof is filed as required by the statutes, the amount thereof becomes a surplus in the hands of the mortgagee, and recovery may be had therefor.   Johnson v. N. W. Loan & B. Assn., 60 Minn. 393, 62 N. W. 381.   Such is this action, and there is no occasion for discussing the question whether a surplus in fact is otherwise shown by the complaint.   Fairly construed, however, it shows a surplus irrespective of the matter of costs.

It is also contended by appellant that the surplus in controversy belongs to the second mortgagee, that plaintiff has no right or title to it, and that inasmuch as it appears from the answer, the conceded facts, and the findings of the court that such second mortgagee is entitled to the same, the action should have been dismissed.

It is true that defendant in his answer alleges the existence of the second mortgage, and the fact that it is wholly unpaid; and it is also true that plaintiff admitted such allegations to be true, and that the court below so found.   This was precisely the situation in the case of Truesdale v. Sidle, 65 Minn. 315, 67 N. W. 1004, save that the answer in that case contained no allegations with respect to the second mortgage.   However, when the case was tried plaintiff admitted the existence of the second mortgage; and the court expressly found the fact accordingly, but held that because the second mortgagee was not a party to the action, and had made no claim to the surplus, it was no defense to the action; and judgment was ordered for plaintiff.   We are unable to distinguish that case from the case at bar.

It was said by this court in the Sidle case:

"The further claim is made that the surplus belongs to the second mortgagee.   No such claim is made by the answer, and the second mortgagee has made no claim to the surplus.   If the defendants had been of the opinion that the plaintiff was not the real or only party in interest, they could have had the second mortgagee made a party."

And, because he was not made a party, the court held that the plaintiff could recover, notwithstanding the conceded facts with respect to the rights of the second mortgagee.   The only difference between that case and the one at bar is that here the defend-

ant's answer alleges the existence of the second mortgage, which fact was not pleaded in the Sidle case. In view of the admissions in each case of the existence of the second mortgage, and the findings of the court thereon, we are forced to the conclusion that the cases are substantially similar in principle, and the case at bar is controlled by the decision in that case.

Whatever may be said of the merits of the question as an original proposition, and for the purposes of the case, conceding with appellant that it is fairly open to debate, we feel bound by the Sidle case, and, on the rule of stare decisis, without discussion of the question, follow and apply it. We do not wish to be understood, however, as doubting the correctness of that decision as applied to cases of this nature.

We have examined all the assignments of error, and all that counsel for appellant has offered in support of his contentions, and find no good reason for reversing the judgment appealed from.

Judgment affirmed.