WILLIAM BELCHER ET AL., APPELLEES, V. J. I. CASE· THRESHING MACHINE COMPANY, APPELLANT.

FILED APRIL 18, 1907. No. 14,776.

Principal and Agent: COMMISSIONS: APPLICATION OF PAYMENTS. Where an agent receives compensation for services in behalf of his principal in commissions on sales, such commissions to be payable in instalments as notes given for wares are paid by purchasers, the law will, as between the principal and agent, apply payments by the debtor to the satisfaction of the notes in the order of their maturity, and not permit the principal to indorse funds received as partial payments on a series of notes, where the effect is to deprive the agent of his commission.

APPEAL from the district court for York county: BEN-JAMIN F. GOOD, JUDGE.  *Affirmed.*

*O. A. Abbott* and *C. F. Stroman,* for appellant.

*Power & Meeker, contra.*

JACKSON, C.

The plaintiffs are implement dealers at York. They entered into a written contract with the defendant, by the terms of which they were appointed the defendant's agent for the sale of threshing outfits at an agreed compensation of 10 per cent., except for wind stackers, upon which a commission of $25 each was allowed, and 25 per cent. for castings and repairs. The contract provided that a nonnegotiable certificate, or equivalent instrument, should be issued by the company, representing the commission to accrue upon each instalment or time sale, payable upon full payment in money of the note or instalment represented by such certificate, with its due proportion of interest collected, and less its due proportion of all expenses attending the collecting and allowances made in the discounting or compromising said note or instalment. The agents negotiated a time sale of one of the defendant's engines and separators to H. B. Brown for $2,439, taking notes payable August 15, September 15 and October 15, 1902, August 15 and October 15, 1903, and October 15, 1904. The company issued a commission certificate to the agents for each note. They were all in the same form, one of which is as follows: "Territory No. 19, Racine, Wis., Dec. 4, 1904. There will be due to Belcher & Belcher, agents at York, Neb., twenty-four & 65-100 dollars ($24.65) on surrender of this certificate, any time after full payment in money of note No. 5,850 given by H. B. Brown, for $250, due August 15, 1902, subject to the terms of our contract with said agent in force at the time of the sale of the machinery for which said note was

given, and subject to our right to renew, extend or compromise said note. This certificate is not assignable or transferable, except as permitted by the terms of said agency contract, and any sum becoming due and payable upon this certificate shall be first applied by this company according to the terms of said agency contract (reference to which is especially made for greater certainty) toward the satisfaction of all liabilities of said agent to this company." The commission certificate representing the first note was paid, and thereafter the plaintiffs instituted this action for the recovery of the amount due on the second and third certificates, alleging that the notes representing the instalments for which these certificates were issued had been fully paid. The answer denied payment of the notes, and contains a counterclaim for $49.98, which, it is alleged, was paid to the plaintiffs for the benefit of the defendant, and which the plaintiffs had failed to account for. The trial was to the court, and the plaintiffs had judgment for the amount claimed. The defendant appeals.

It is not disputed but what the purchaser has paid to the defendant more than enough to satisfy the notes represented by the commission certificates in suit, in addition to the payment of the first note, but it appears that, instead of applying these payments on the notes first maturing, the defendant divided the payments by indorsing partial payments on each note given on account of the sale, leaving a small remainder unpaid on the notes involved in this inquiry. The maker of the notes testified, in substance, that as he made the payments he requested a return of his notes, but that the collector told him that for good reasons he had indorsed a portion of the payments on the other notes, and that it would not make any difference to him. The defendant offered to prove by the collector that the maker made no objection to the payments being distributed, as they were, on the several notes. The court, on objection, refused to permit the witness to testify to his conclusions from the conversation, but offered

to permit the witness to testify to what the conversation actually was. We do not regard this dispute of any importance between the company and its agent, while as between the maker and holder of the notes they might agree to a distribution of the payments, or, in the absence of an agreement or express directions by the maker, the holder might apply the payments on any past due paper, a different rule prevails where the rights of third parties intervene. *Crane Bros. Mfg. Co. v. Keck,* 35 Neb. 685. A similar question was involved in *Clark v. Gaar, Scott & Co.,* 78 Minn. 492, 81 N. W. 530. In that case, as in this, there was both a contract and commission certificates. The contract provided that the commission should be paid as the notes were paid, but the payments were indorsed on the several notes, leaving no note paid in full. There was no evidence that the maker of the notes gave any directions as to the application of the payments, and it was the contention of the company in that case that no part of the commission was due until one or more of the notes given for the purchase price of the machinery was paid in full. As to this contention the court said: "Whatever may be the rights of the defendant, as between itself and the maker of the notes, as to the application of payments, it was bound, as to the plaintiff, to make an equitable application of them, and not an unreasonable and arbitrary one, in order to defeat the plaintiff's right to commission; otherwise, it might so apply payments that no more than six cents remained unpaid on any note, and still claim that the plaintiff was not entitled to anything. As between the parties hereto, the law will apply the payments to the extinguishment of the notes as they became due, for the reason that such is the natural and equitable application. If the payments be so applied, all of the notes save the last one would be paid in full. Hence, upon the defendant's interpretation of the contract, and even conceding that the certificates were substituted for the original contract, the plaintiff is en-

54

titled to a commission." The defendant seeks to distinguish that case from the one in hand because the action was there brought on the contract, but the commission certificates refer to the contract for the terms of payment, and the contract is as much involved as the certificates themselves.

Objection is made, however, to the form of the petition in view of the facts already stated, that is, that, while the petition charges the notes to be paid in full, the evidence discloses, as between the maker and holder, that they are not paid in full. The objection is more technical than substantial. As between the parties to this litigation the notes are paid, and the pleading is not open to the objection urged.

As to the defendant's counterclaim, it appears that Brown was indebted to the plaintiffs in the sum of $49.98; that Richard Piper was indebted to Brown in the sum of $61.45; Brown gave the defendant an order on Piper for that sum. Piper arranged with his brother to pay this debt. The brother saw Brown about the payment, and as to what occurred there is a conflict in the evidence between Brown and Piper. Brown claims that he directed Piper to pay to the bank holding his notes for collection the sum of $61.45, to be applied on his indebtedness to the defendant, or if the bank should be closed to pay the money to the plaintiffs for the Case company. Piper testified that Brown directed him to pay the money to Belcher; that he went to Bradshaw, where a son of one of the plaintiffs resided, for the purpose of making payment. It appears that the son called up the elder Belcher at York by phone, ascertained the amount of Brown's indebtedness to the plaintiffs, and received the $49.98 in satisfaction of that indebtedness. The money was transmitted to the plaintiffs, who executed and forwarded to Brown a receipt for that amount to be applied on book account. Brown afterwards settled other business transactions with the plaintiffs on the strength of this payment having been made. Under this state of the record, we do not

feel justified in disturbing the finding of the trial court dismissing the defendant's counterclaim.

On motion of the plaintiffs the court struck out the eighth paragraph of the defendant's answer, which was as follows: "Defendant further alleges that at the time said threshing outfit was sold to said Brown the security taken was wholly insufficient, and said Brown was irresponsible, as said agent well knew, and that the security has since greatly depreciated, and bears no proper relation to the debt covered thereby, and must result in serious loss to both plaintiffs and defendant; that a foreclosure under the terms of said agency contract would have resulted in a loss to said plaintiffs of all commission, and that this defendant is seeking to avoid such action, and to protect the rights of the parties thereto and both of them." The order striking this paragraph from the answer is assigned as error, and it is said in the brief that this paragraph stated a reason for applying payments on other notes, but we fail to see how such a conclusion is justified from the language employed in the paragraph stricken. It does not appear that any loss could possibly result to either party from that application of the funds which we have concluded was the proper one.

We find no reversible error in the record, and recommend that the judgment be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.