## SAMUEL NOAR, ADMINISTRATOR OF THE ESTATE OF ISAAC NOAR, DECEASED, v. C. BOSSE.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 14, 1907.              DECIDED JUNE 20, 1907.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY IN PLACE OF HARTWELL, J.

MORTGAGE—*surplus after foreclosure.*

> In an action by a mortgagor to recover from the mortgagee the surplus arising from a statutory foreclosure of a first mortgage the fact that a third person holds a second mortgage on the same premises which has not been satisfied is no defense.

OPINION OF THE COURT BY WILDER, J.

This was an action commenced in the district court and brought by the representative of a deceased mortgagor to recover the surplus money remaining in the hands of a mortgagee after a statutory foreclosure of a first mortgage. At the time of the foreclosure sale there was a second mortgage outstanding of which the mortgagee had notice. The foreclosure sale took place on January 23, 1904, the mortgagor died on August 4, 1905, and this action was commenced on June 27, 1906. The district court gave judgment for defendant and on appeal the circuit court entered judgment for plaintiff, from which court defendant brings exceptions.

The question to be decided is this, to whom does the surplus belong as between the mortgagor and the mortgagee with knowledge of a second mortgage, and it is not, as claimed by defendant, to whom does the surplus belong as between the mortgagor and the second mortgagee? Defendant could have made that the question by bringing into this action by interpleader the

second mortgagee. As he has not seen fit to do so, in order to prevail he must show a better right to the surplus than the mortgagor.

If the mortgagor is entitled to the surplus as against a second mortgagee, of course that would settle the question. But, for the purposes of this case, we will assume that, as between the mortgagor and the second mortgagee, the latter is entitled to the surplus arising from a foreclosure of the first mortgage. The defendant makes no claim himself to the surplus money, but contends that, because there was a second mortgage in existence at the time of the foreclosure sale, of which he had notice, he is justified in refusing to pay plaintiff the money. With this proposition we cannot agree. As between the mortgagee and the mortgagor the latter has the better right to the money, and the fact that a second mortgagee is entitled at his option to claim it is no defense in this action because he may never claim it, preferring to rely upon the personal responsibility of the mortgagor and also upon other security, if any, included in the second mortgage which was not included in the first mortgage. There is no question but that the first mortgagee is not entitled to retain this money himself, and, in the absence of a claim for it by the second mortgagee in this action, the mortgagor is entitled to it as against the first mortgagee.

In *American Mortgage Co. v. Inzer,* 13 So. (Ala.) 507, it was held that in an action by a mortgagor to recover from a senior mortgagee a surplus of the proceeds arising from the sale of the mortgaged premises, the fact that a third person holds a second mortgage on the premises which has not been satisfied is no defense; for, though the second mortgagee may maintain an action against the defendant to have the surplus applied to his mortgage, he is not compelled to do so, but may collect the entire debt from plaintiff. To the same effect are *Truesdale v. Sidle,* 65 Minn. 315, and *Itasca Investment Co. v. Dean,* 84 Minn. 388.

Our statute (R. L., Sec. 2165), providing that the surplus shall be paid over to the "owner of the mortgaged property," is not applicable to this case in the view we have taken of it.

Exceptions overruled.

*C. W. Ashford* for plaintiff.

*C. H. Olson, (Holmes & Stanley* on the brief), for defendant.